ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

EDAWRD K. BERNATAVICIUS (#024174)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Phone: (602) 682-2608
Email: Edward.K.Bernatavicius@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 12 UNIVERSITY, LLC<br><br>            Debtor. | In Proceedings under Chapter 11<br><br>Case No. 4:20-bk-11567-BMW<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY RIGHTEOUS REALTY, LLC AS REAL ESTATE BROKER.** |

The United States Trustee for the District of Arizona, Region 14, Ilene J. Lashinsky (the "**UST**"), by and through undersigned counsel, respectfully submits her "**Objection**" to 12 University, LLC's (hereinafter referred to as either "**Debtor**" or "**12 University**") *Application to Employ Righteous Realty, LLC as Real Estate Broker.* ("**Application**") filed at the Court's docket entry number ("Dkt. #") 95. The UST Objects to the Application for the following reasons:

1. The Debtor's counsel, Allan D. NewDelman, filed an application to withdraw as bankruptcy counsel, no substitute counsel has entered an appearance in this case on behalf of the Debtor and no further estate professionals should be employed until it is understood how this Debtor is proceeding in bankruptcy.

2.  The Debtor appears to be administratively insolvent.  It is questionable why the case should not be converted to Chapter 7 and allow to a Chapter 7 Trustee to liquidate the real property and deal with any remaining litigation claims.

## I. STATEMENT OF FACTS

1.  On October 19, 2020, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2.  On October 19, 2020, an Order employing Allan D. NewDelman as bankruptcy counsel for the Debtor was entered by the Court. Dkt. # 8.

3.  On December 16, 2020, the Court held a Chapter 11, Status Conference.  At the hearing, the Debtor, through its attorney, represented that the case was filed a few days before a foreclosure sale on the property and that the Debtor intended to liquidate the property through a brokerage sale or auction.  Dkt. # 32.

4.  On December 23, 2020, The Debtor moved to employ Philip J. Nathanson, Esq. as special counsel to represent the Debtor in two matters relating to relating to real property owned by the Debtor.[1] Dkt. # 30.  The Court granted the special counsel employment application on January 6, 2021. Dkt. # 34.

---

[1] . Prior to the filing of the Chapter 11, the Debtor was involved in two matters relating to the real property owned by the Debtor. The first matter was Greg Goodman v. 12 University, LLC et. al., filed in the Superior Court of the State of Arizona, Pima County under Case Numbers, C20163644, C20160163, C20083296 and C20086623 and the related appeals. This first matter also includes resolving or litigating the Notice of Claim against the City of Tucson for "Water Trespass". The second matter was filed in the United States District Court, District of Arizona under Case Number CVz-18-04972 TUC-CKJ, Auto-Owners Insurance Company v. 12 University, LLC, et. al., and any related appeals.

5. On April 8, 2021, the Debtor filed a Motion to Compel Special Counsel, Philip Nathanson, to perform certain litigation tasks as the Debtor believed were in accordance with the engagement agreement. Dkt. # 68. The Motion to Compel was withdrawn on April 23, 2021. Dkt. #71.

6. On May 12, 2021, Judgment/secured creditor, Greg Goodman, filed a Motion for Relief from the Automatic Stay regarding the Debtor's single asset real property located at 12 University Boulevard, Tucson, Arizona 85705. Dkt. # 73. That Motion is scheduled for August 5, 2021. Dkt. # 78.

7. On June 15, 2021, Debtor's counsel, Allan NewDelman, filed a Motion to Withdraw from the bankruptcy case. Dkt. # 76. Debtor's counsel asserts in the Motion that "Debtor and Counsel have come to an impasse relative to moving the Chapter 11 forward and other matters. Communication to resolve the issues has been difficult." Id. ¶ 2, lines 26-27. Despite the Court having set a hearing on the Motion to Withdraw for August 5, 2021, Mr. NewDelman subsequently requested expedited relief on the withdrawal motion due to what appears to be increasingly irreconcilable differences between Debtor's counsel and the Debtor. Dkt. # 80, page 2. No expedited basis has been set by the Court.

8. The Debtor is current on monthly operating reports through May 2021. A review of the May report shows that the Debtor generated minimal monthly income, has approximately $700.00 in the DIP account and has negative net profit since the filing of the case. Dkt. 93, pages 2 & 3.

9. Despite the Debtor's representation at the Chapter 11 Status Conference, it has taken the Debtor approximately 9 months to file an application to employ a real estate broker in

- 3 -

Case 4:20-bk-11567-BMW    Doc 97    Filed 07/20/21    Entered 07/20/21 14:55:50    Desc
Main Document    Page 3 of 8

this case. This is application comes on the heels of the Debtor's application to hire an Architect to assist in the redevelopment of the property for reorganization purposes. See Dkt. 82. That application has not been withdrawn.

10. As of this time, the Debtor has not filed a Chapter 11 plan of reorganization.

## II. LEGAL ARGUMENT

I. <u>Debtor's counsel has filed a Motion to withdraw, no substitute counsel has been obtained and it is unclear whether the Debtor will continue in chapter 11. Any further employment of estate professionals should wait until the Debtor's chapter 11 prospect is clear.</u>

On June 15, 2021, Allan NewDelman filed a Motion to Withdraw as Debtor's bankruptcy counsel.

Unincorporated associations, partnerships and corporations must appear through an attorney. Rowland v. California Men's Colony, 506 U.S. 194, 201, 113 S. Ct. 716, 721, 121 L.Ed. 2d 656 (1993); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697−698 (9th Cir. 1987); Church of the New Testament v. United States, 783 F.2d 771, 773−774 (9th Cir. 1986); In re Highley, 459 F.2d 554, 555−556 (9th Cir. 1972). See also In re Victor Publishers, Inc., 545 F.2d 285 (1st Cir. 1976); Eagle Associates v. Bank of Montreal, 926 F.2d 1305 (2nd Cir. 1991); In re America West Airlines, Inc., 164 B.R. 315 (9th Cir. BAP 1994); Move Organization v. United States Department of Justice, 555 F. Supp. 684, 693 (E.D. Pa. 1983).

The hearing on Debtor's counsels' Motion to Withdraw is currently scheduled for August 5, 2021.

- 4 -

It has been over thirty days since Mr. NewDelman's Motion to Withdraw as counsel for Debtor was filed and no substitute counsel has entered an appearance on behalf of the Debtor. It is unclear, at this point, whether the Debtor will be able to remain in Chapter 11.

If the Application is immediately approved, the estate may be saddled with the 6% commission to Righteous Realty, LLC, under the Commercial Listing Agreement and the following provisions:

(A) **Subject Premises is sold or otherwise transferred** whether through the Broker, or by the Seller, **or through anyone else prior to the expiration of this Agreement or any extension thereof**.

(B) **A buyer is procured or introduced** by Broker or the Seller or by **or through anyone else** who is ready, willing and able to purchase the Subject Premises on the terms above stated or other terms acceptable to Seller **prior to the expiration of this Agreement or any extension thereof.**

(C) Any contract for the sale, exchange, or other transfer of the Subject Premises is made directly or indirectly by the Seller or its affiliate prior to the expiration of this Agreement or any extension thereof.

D) **Prior to the expiration of this Agreement or any extension** thereof, **Seller removes the Subject Premises from the market,** renders the Subject Premises unmarketable by Seller's voluntary act or contributes or conveys said Premises or any interest therein to a partnership, joint venture, or other entity, **or the Subject Premises is transferred due** to eminent domain/condemnation or the threat thereof, **foreclosure,** or conveyance in lieu of foreclosure; or

(E) **Within one year** or __days **after the expiration of this Agreement or any extension thereof**, **the Subject Premises is sold to or otherwise transferred, or an agreement is executed leading to a sale or other transfer with, any person or entity or any entity owned in any part by such person(s) or their successors, assigns or affiliates), whom Broker has negotiated or to whom Broker has submitted the Subject Premises for consideration prior to such expiration** in an effort to effect a transaction and whose name appears on any list of such persons or entities immediately following such expiration; provided. however, if Broker has submitted a written proposal to acquire the Subject Premises prior to such expiration, then it shall not be necessary to include such person or entity's name on the list Broker is authorized to continue negotiations with the persons or entities described in subsection (E).

Under the above provisions, if the Debtor does not proceed in Chapter 11 and the case converts to Chapter 7 or dismisses, stay relief is granted to Greg Goodman and the property is

- 5 -

foreclosed on then the broker may claim entitlement to a 6% commission under provision (D) above.  If the case converts to Chapter 7 and the Trustee decides to liquidate the property, use a different broker or sell the property through auction, Righteous Realty might claim entitlement to a 6% commission under (A), (B), (C), or (E) above, depending on the circumstances.  If the Debtor proceeds in Chapter 11, and the Debtor decides to remove the property from the market and "redevelop" the property and proceed with a reorganization, the Broker may claim entitlement to a 6% commission as to the value of the property under provision (D) above.

Given the current status of this case and the Debtor's current, poor financial status, the UST is concerned with the Debtor's ability to obtain new chapter 11 counsel and successfully rehabilitate through the Chapter 11 process.

The UST objects to the Debtor incurring any new administrative expenses until it is clear that the Debtor will have the ability to proceed in this Chapter 11 case.

II.     <u>The Debtor appears to be administratively insolvent, and it is unclear why the case should continue to proceed in Chapter 11 or convert to Chapter 7 and allow a Chapter 7 Trustee to liquidate the property</u>.

The Debtor has now filed monthly operating reports through May 2021.  A review of the May report shows approximately $700.00 in cash in the Debtor-in-possession account, negative net income since the filing of the case and negligible income generated during the month.  Given the current status of the case, the UST questions why the case should not just be converted to Chapter 7 and the property liquidated by a Chapter 7 Trustee.  Again, the Real Estate Broker Application should not be immediately entered until it is determined how the Debtor's case will proceed in bankruptcy.

For the above reasons, the U.S. Trustee objects Debtor's Application to Employ Righteous Realty, LLC.

RESPECTFULLY SUBMITTED this 20th day of July, 2021.

                                            ILENE J. LASHINSKY
                                            United States Trustee
                                            District of Arizona

                                             /s/ EKB (# 024174)
                                            EDWARD K. BERNATAVICUS
                                            Trial Attorney

Copies of the foregoing emailed
July 20, 2021, to:

Alan D. NewDelman
ALAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
anewdelman@adnlaw.net
*Attorney for Debtor*

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
jsaffer@rllaz.com
Jonathan M. Saffer
*Attorneys for Creditor Greg Goodman*
Kathryn Sears Ore
Pima County Attorney's Office
32 N. Stone Ave.
Tucson, AZ 85701
Katherine.ore@pcao.pima.gov

Mark S. Bosco
Leonard J. McDonald
TIFFANY & BOSCO, P.A.
2525 East Camelback Road
Phoenix, AZ 85016
Ljm@tblaw.com

*Attorneys for NewRez d/b/a Shellpoint Mortgage Servicing*

Kevin C. Barrett
Jennifer M. Bahling
Barrett & Matura, P.C.
8925 E. Pima Center Pkwy, Ste. 215
Scottsdale, AZ 85258
kbarrett@barrettmatura.com
jbahling@barrettmatura.com
*Attorneys for Auto-Owners Insurance Co.*

/s/ Christopher Stewart
Christopher Stewart