# Davis Miles
## McGuire Gardner

40 E. Rio Salado Pkwy., Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
M. Preston Gardner – SBN 029868
*Attorneys for Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| 12 UNIVERSITY, LLC | Case No.: 4:20-bk-11567-BMW |
| Debtor. | **OBJECTION TO PROOF OF CLAIM NO. 5 FILED BY GREG GOODMAN** |

12 University, LLC (the "Debtor"), by and through undersigned counsel, hereby objects to Proof of Claim No. 5 filed by Greg Goodman and asserts that the post-judgment interest claimed by Greg Goodman should be disallowed. The basis for this objection is that the post-judgment interest asserted by Greg Goodman is not enforceable against the Debtor or its property under any agreement or applicable law. *See* 11 U.S.C. § 502(b)(1). In support of this objection, the Debtor sets forth the following:

On January 21, 2021, Greg Goodman filed Proof of Claim No. 5 in the amount of $710,417.46. In support of his proof of claim, Greg Goodman attached a Final Judgment and Supplemental Judgment entered in favor of Mr. Goodman and against the Debtor by the

Pima County Superior Court. In part 6 of the proof of claim, Mr. Goodman asserted a principal balance of $624,754.00 owed for the Final Judgment and $6,440.00 for the Supplemental Judgment—for a total of $631,194.00. In addition, Mr. Goodman falsely claimed that he was awarded post-judgment interest in excess of $79,222.00. Upon review of the Final Judgment and Supplemental Judgment, it is clear that the Pima County Superior Court did *not* award post-judgment interest in favor of Mr. Goodman.

Under Arizona law, an award of post-judgment interest must be expressly stated in the judgment. A.R.S. § 44-1201 states, in part, as follows:

> Unless specifically provided for in statute or a different rate is contracted for in writing, interest on any judgment shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 or any publication that may supersede it on the date that the judgment is entered. **The judgment shall state the applicable interest rate and it shall not change after it is entered.**

A.R.S. § 44-1201(B) (emphasis added). In this case, the Final Judgment and Supplemental Judgment failed to award any post-judgment interest in favor of Greg Goodman. Yet, Mr. Goodman has falsely represented that he is entitled to post-judgment interest and included such amounts in his filed proof of claim; accordingly, the Debtor asserts that Mr. Goodman has filed a fraudulent claim.

This Objection sets forth the Debtor's initial objections and defenses to the Proof of Claim 5. The Debtor, therefore, reserves its rights to object further or modify its objection, and to present additional defenses as more facts become known.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order: (i) sustaining the Objection, (ii) finding that Greg Goodman has falsely claimed that he is entitled to post-judgment interest on his judgments, and (iii) reducing the amount of Mr. Goodman's claim to $631,194.00, after disallowing any additional amounts asserted by Greg Goodman based on post-judgment interest; and for such further relief as the Court may deem just.

RESPECTFULLY SUBMITTED this 28th day of October, 2021.

**DAVIS MILES, MCGUIRE GARDNER, PLLC**

/s/ M. Preston Gardner
Pernell W. McGuire
M. Preston Gardner
*Attorneys for Debtor*

A copy of the foregoing was mailed
this 28th day of October, 2021 to:

Jon Saffer
Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
*Attorney for Greg Goodman*

Edward K. Bernatavicius
Trial Attorney
Office of the United States Trustee, Region 14
230 N. First Ave, Suite 204
Phoenix, AZ  85003

By: /s/ Joan Stoner
        Joan Stoner