# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

## Hearing Information:

| | |
|---|---|
| Debtor: | 12 UNIVERSITY, LLC |
| Case Number: | 4:20-BK-11567-BMW    Chapter: 11 |
| Date / Time / Room: | WEDNESDAY, JANUARY 19, 2022 10:30 AM   VIDEO CONF HRGS |
| Bankruptcy Judge: | BRENDA M. WHINERY |
| Courtroom Clerk: | REBECCA VOLZ |
| Reporter / ECR: | VIVIANA VANEGAS |

## Matters:

1) DEBTOR'S MOTION FOR SECOND EXTENSION OF DEADLINE FOR FILING AMENDED DISCLOSURE STATEMENT (SET ON THE COURT'S OWN MOTION)
   R / M #:   174 / 0

2) PRELIMINARY HEARING ON THE MOTION FOR RELIEF FROM STAY FILED BY NEWREZ, LLC RE: REAL PROPERTY LOCATED AT 12 - 18 E. UNIVERSITY BLVD., TUCSON, AZ
   R / M #:   124 / 0

## Appearances:

M. PRESTON GARDNER, REPRESENTING 12 UNIVERSITY, LLC AND APPEARING BY VIDEOCONFERENCE
JAMES DILLER, 12 UNIVERSITY, LLC, APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING NEWREZ, LLC AND APPEARING BY VIDEOCONFERENCE
JON SAFFER, REPRESENTING GREGORY GOODMAN AND APPEARING BY VIDEOCONFERENCE
CAITLIN WATTERS, REPRESENTING GREGORY GOODMAN AND APPEARING BY VIDEOCONFERENCE
ED BERNATAVICIUS, REPRESENTING THE U.S. TRUSTEE AND APPEARING BY VIDEOCONFERENCE
KEVIN BARRETT, REPRESENTING AUTO-OWNERS INSURANCE COMPANY AND ATTENDING BY VIDEOCONFERENCE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   4:20-BK-11567-BMW            WEDNESDAY, JANUARY 19, 2022 10:30 AM

## *Proceedings:*

ITEM 1: DEBTOR'S MOTION FOR SECOND EXTENSION OF DEADLINE FOR FILING AMENDED DISCLOSURE STATEMENT (SET ON THE COURT'S OWN MOTION)

ITEM 2: PRELIMINARY HEARING ON THE MOTION FOR RELIEF FROM STAY FILED BY NEWREZ, LLC RE: REAL PROPERTY LOCATED AT 12 - 18 E. UNIVERSITY BLVD., TUCSON, AZ

**ITEM 1**
The Court states that by setting this hearing when it was set, the debtor has had the benefit of the extension. There is no amended disclosure statement on file. What is the status of this case?

Mr. Gardner states that there has been a change of course and the debtor just filed a motion to approve post-petition financing and a motion to accelerate that hearing. That change will be incorporated into the amended disclosure statement and plan. An order was entered yesterday in the 2021 state court case that seized funds the debtor was counting on to fund the plan and facilitate the refinance of the debtor's property. Given that seizure, the debtor is now back at beginning. He is not sure how this matter will proceed. He anticipates that the debtor will request an immediate stay of both state court actions. If evidence is necessary, then the debtor will request an emergency evidentiary hearing with respect to the § 105 injunction.

The Court states that the only matter on calendar today is the debtor's expired motion for an extension to file the amended disclosure statement. The debtor had an evidentiary hearing date set with respect to the § 105 injunction and then the debtor requested accommodations for Mr. Diller. Those accommodations were being made, but the debtor never requested to re-set that evidentiary hearing. The debtor filed the motion for post-petition financing and motion to expedite on Friday. The debtor has not yet contacted the courtroom deputy to request that expedited hearing. The debtor shows no income. How will the debtor pay for the proposed post-petition financing? Will the debtor incorporate the post-petition financing into the plan or is the debtor requesting that this Court approve the financing on its own?

Mr. Gardner reports that the post-petition financing will be incorporated into the plan. It is his understanding that the loan interest will accrue, and then the loan will be paid upon the sale of the property.

The Court states that the loan should still be a possibility given that the property is owned by the debtor.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 4:20-BK-11567-BMW        WEDNESDAY, JANUARY 19, 2022 10:30 AM

Mr. Gardner reports that the debtor is investigating possibilities to move forward with the loan. Snakebridge, LLC, owned by Mr. Diller, was putting up some of the cash for the loan.

The Court notes that the contribution from Snakebridge, LLC was not disclosed.

Mr. Gardner states that the motion for post-petition financing will be amended to include that information.

The Court states that this case has been pending since October of 2020. There is no plan on file and there is no amended disclosure statement on file. Why shouldn't this case be converted to a Chapter 7 given the value of the property? Does any party wish to be heard regarding the status of this case?

Mr. Bernatavicius discusses his concerns with the debtor's request for a second extension and with respect to the financing motion. He is concerned by the financing motion because the lender listing status seems to indicate there are two lenders. One of the lenders appears to be a separate entity and one of the lenders is Snakebridge, LLC, which is an insider owned by Mr. Diller. That was not disclosed in the motion. He requested more information from Debtor's counsel via email as to whether there was an error given there was no disclosure in the motion. He also requested information regarding the relationship between all of the entities. Additionally, the motion represented that there is a recent appraisal, and he requested a copy of that appraisal. He has not received a response yet. He is concerned about the overall status of this case. The Court's comments regarding conversion are well-taken. It is appropriate for the Court to consider possible conversion at this time. The most appropriate course of action for this debtor may be conversion.

Mr. Saffer states that his client is considering conversion over a potential dismissal. His client is in second position. Is there a foreclosure sale pending? That may impact his client's preference for conversion or dismissal.

Mr. McDonald reports that there is no sale pending. The foreclosure file is with McCarthy Holthus. No notice of sale has been recorded yet.

Mr. Saffer states that it appears the debtor and the other entities are intending to make up any shortfall in the event the bank does not agree with the $1,000,000.00 appraisal. If the bank does not agree with the debtor's valuation, then the other entities will contribute the remaining amount needed to pay off the secured creditors. The debtor will have the freedom to do whatever it wants with the property and will have some additional options for confirming a plan once the secured creditors have been paid. The problem is that the entities the debtor

is counting on to contribute funds for the refinancing and the plan are subject to the state court charging order. He discusses the circumstances that led to the state court charging order. He suggests that the debtor simply pay the state court judgment. The judgment is not a claim against the real property. The judgment is only a claim against the real property because it was recorded. The debtor has the option to pay the judgment or sell the property to pay the judgment. His client prefers conversion over dismissal given how long this case has been pending.

COURT: THIS CASE WAS FILED ON OCTOBER 19, 2020 AND THERE IS NO PLAN IN PROSPECT. THERE IS AN INABILITY TO CONFIRM A PLAN PURSUANT TO 11 U.S.C. § 1112(b)(4)(J). IT DOES NOT APPEAR THAT DISMISSAL IS APPROPRIATE GIVEN THE ASSERTED VALUE OF THE PROPERTY, BUT THE PARTIES WILL HAVE AN OPPORTUNITY TO STATE THEIR POSITIONS REGARDING DISMISSAL OR CONVERSION AT THE HEARING. THE HEARING FOR THIS COURT TO CONSIDER DISMISSAL OR CONVERSION OF THIS CASE PURSUANT TO 11 U.S.C. § 1112 IS SET FOR TUESDAY FEBRUARY 8, 2022 AT 10:45 A.M.

### ITEM 2
Mr. McDonald does not object to a continued hearing.

COURT: A CONTINUED HEARING REGARDING THE MOTION FOR RELIEF FROM STAY IS SET FOR TUESDAY FEBRUARY 8, 2022 AT 10:45 A.M.


### SUBSEQUENT TO THE HEARING
COURT: A HEARING IS SET FOR TUESDAY FEBRUARY 8, 2022 AT 10:45 A.M. ANY INTERESTED PARTIES ARE TO APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS 160 398 4942 AND THE PASSCODE IS 664870.
CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM DEPUTY REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.