**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
jsaffer@rllaz.com
Jonathan M. Saffer
State Bar No. 022004
*Attorneys for Creditor, Greg Goodman*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>12 University, LLC,<br><br>　　　　　　　Debtor. | Chapter 11<br><br>NO. 4:20-bk-11567-BMW<br><br>**MOTION FOR A NEW TRIAL/ MOTION TO AMEND ORDER**<br><br>(Assigned to Hon. Brenda M. Whinery) |

Pursuant to Rule 60 F.R.Civ.P., Plaintiff/Judgment Creditor, Greg Goodman ("Goodman"), respectfully submits this Motion for a New Trial/Motion to Amend Order ("Motion") seeking this Court to amend Proof of Claim No. 5 ("POC") filed in this matter on January 21, 2021. POC sought $710,417.46 in total claims however, counsel for Goodman inadvertently provided the incorrect amount. Therefore, the POC should be corrected to reflect a total of $658,814.00 explained below. It should be noted the $658,814.00 amount does not include post judgment interest and **Goodman is not seeking post judgment interest with this Motion.** Also, there is no prejudice to any party involved therefore this Court should grant this Motion to amend the POC.

//

//

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background

The underlying claim at issue in this matter involves a jury verdict awarded in Goodman's favor against James and Sheila Diller and 12 University, LLC ("Debtor"). As this Court is aware, the Debtor has been in bankruptcy for months. Goodman filed his POC on January 21, 2021 seeking $710,417.46. The attorney at the time for this matter relied on the following chart created in support of the POC:

**Interest Calculation through January 11, 2021**

October 8, 2019 Judgment against 12 University, LLC

| | |
|---|---:|
| Breach of Contract (Refusal to grant permission to enter property) | $85,000.00 |
| Breach of Contract (Refusal to arbitrate) | $17,000.00 |
| Trespass (compensatory damages) | $100,000.00 |
| Trespass (punitive damages) | $60,000.00 |
| Taxable Costs | $5,161.46 |
| Double Taxable Costs | $3,907.42 |
| Expert Witness Fees | $11,470.19 |
| Attorneys' Fees | $342,214.93 |
| TOTAL JUDGMENT AMOUNT | $624,754.00 |
| Interest at 10% per annum 10/8/2019-10/8/2020 | $62,475.40 |
| 10/9/2020 – 1/11/2021 ($171.17 per day) | $16,089.98 |
| **TOTAL JUDGMENT PLUS INTEREST** | **$703,319.38** |

January 3, 2020 Supplemental Judgment against 12 University, LLC

| | |
|---|---:|
| Supplemental Attorneys' Fees | $6,440.00 |
| Interest at 10% per annum 1/3/2020-1/3/2021 | $644.00 |
| 1/4/2021-1/11/2021 ($1.76 per day) | $14.08 |
| **TOTAL JUDGMENT PLUS INTEREST** | **$7,098.08** |

The formerly assigned attorney left Rusing Lopez & Lizardi, so his inadvertent error by not including prejudgment interested was missed. On October 28, 2021 the Debtor filed an Objection to Proof of Claim No. 5 Filed by Greg Goodman ("Objection"). **The Debtor's only objection to the POC was post-judgment interest totaling $79,222.00 which Goodman is not seeking in this Motion.** On December 3, 2021, this Court sustained the Objection reducing the amount of Goodman's claim to $631,194.00. Debtors and this Court did the following:

POC:                                $710,417.46

Minus Post-Judgment award:          - $79,222.00

Equals:                             = $631,194.00

The original amount sought in Goodman's POC was incorrect through an inadvertent miscalculation by not including the prejudgment interest, therefore the amount this Court reduced Goodman's claim to is also inaccurate. The correct amount for the POC is $658,814. This amount is the total of the State judgment entered on October 8, 2019, in favor of Goodman and against the Debtor is correctly reflected as follows:

October 8, 2019 Judgment against 12 University, LLC

| | |
|---|---:|
| Breach of Contract (Refusal to grant permission to enter property) | $85,000.00 |
| Breach of Contract (Refusal to arbitrate) | $17,000.00 |
| Trespass (compensatory damages) | $100,000.00 |
| Trespass (punitive damages) | $60,000.00 |
| Taxable Costs | $5,161.46 |
| Double Taxable Costs | $3,907.42 |
| Expert Witness Fees | $11,470.19 |
| Attorneys' Fees | $342,214.93 |
| Prejudgment Interest on $262,000 at 6% per annum from August 21, 2017-October 8, 2019 (26 months) | $34,060.00 |
| **TOTAL JUDGMENT AMOUNT OWED** | $658,814.00 |

The above total is $658,814.00. For these reasons Goodman respectfully requests this Court vacate the December 3, 2021 Order and enter a new POC for the correct amount of $658,814.00.

## II.     Points and Authorities

### a. Bankruptcy Rule 9024 Allows for Relief from a Final Judgment, Order or Proceeding

Bankruptcy Court Rule 9024 incorporates Rule 60 F.R.Civ.P. and applies in cases under the Bankruptcy Code. The decision to grant or deny a motion for relief from a final judgment, order, or proceeding is committed to the discretion of the court. Fed. R. Civ. P. 60(b). Rule 60(b) permits a bankruptcy court to grant relief from a final judgment, order, or proceeding on six grounds including in pertinent part, "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any reason that justifies relief." Accordingly, "the District Court has discretion to correct a judgment for mistake or **inadvertence**, either on the part of counsel or the court itself." *Kingsvision Pay-Per-View Ltd. V. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). A district court acts within its discretion when correcting an incorrect post-judgment interest rate issue. *Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021,1024 (9th Cir. 2004). Rule 60(b)(6) is to be liberally applied to accomplish justice. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.,* 503 F.3d 933, 941 (9th Cir. 2007). In *Durga Ma.*, 387 F.3d at 1024, the Court affirmed the district court's motion to correct the post-judgment interest rate due to inadvertence on both counsel and the court.

Here, the inadvertence by counsel for Goodman regarding the incorrect claim amount sought in the POC can easily be rectified by this Court. Also, the Court's amount from the December 3, 2021 order is just as easily fixed through a Court order. Miscalculations happen especially when they involved interest calculations similar to *Durga Ma*. Therefore, this Court should grant relief on inadvertence grounds alone under Fed. R. Civ. P. 60(b)(1). In the alternative this Court can grant relief for "any reason that

justifies relief" under Rule 60(b)(6). Ordering the correct claim amount against the Debtor is necessary to accomplish justice. Jurors in the original State court awarded a verdict in favor of Goodman. Debtors need to be held responsible and liable for the judgments entered against them and this Court has the power to award that justice. The Court must order the appropriate amount owed to Goodman under the judgment and should not punish Goodman for a mistake made by Counsel.

### b. No Parties are Prejudiced in Granting the Correct POC.

No parties will suffer prejudice if the POC is modified to the correct amount. No one is prejudiced by altering a claim in a proof of claim over a simple math error. The amount Goodman is seeking is less than what was originally sought in the POC. The judgment has already been ordered against the Debtor by the State court judge providing the Debtor notice of the correct amount owed. Again, the math provided on POC was a simple mistake. Finally, no amended plan has been proposed in this matter and no refinancing has been filed. Debtor's Objection was on post judgment interest only, which Goodman is not seeking. No one will be prejudiced by granting this Motion therefore the Court should grant this Motion and order the correct amount for POC as $658,814.00.

### III. Conclusion

For all the reasons stated above Goodman moves this Court to correct the amount for the POC to $658,814.

DATED this February 4, 2022.

                                            RUSING LOPEZ & LIZARDI, P.L.L.C.

                                            */s/ Jonathan M. Saffer*
                                            Jonathan M. Saffer
                                            *Attorneys for Creditor, Greg Goodman*

# **CERTIFICATE OF SERVICE**

I certify that on February 4, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Kevin C. Barrett
BARRETT MATURA
8925 E. Pima Center Parkway, Suite 215
Scottsdale, AZ 85258
kbarrett@barrettmatura.com
staff@barrettmatura.com
*Attorneys for Creditor, Auto-Owners Insurance Company*

Edward K. Bernatavicius
Office of the U.S. Trustee
230 N. 1st Ave., Suite 204
Phoenix, AZ 85003
Edward.k.bernatavicius@usdoj.gov
*Attorneys for U.S. Trustee*

Pernell W. McGuire
Preston Gardner
DAVIS MILES MCGUIRE GARDNER
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
efile.dockets@davismiles.com
*Attorneys for Debtor, 12 University, LLC*

Lesley M. Lukach
PIMA COUNTY ATTORNEY
32 N. Stone Ave.
Tucson, AZ 85701
Lesley.lukach@pcao.pima.gov
*Attorneys for Creditor, Pima County, AZ*

Leonard J. McDonald, Jr.
TIFFANY & BOSCO, P.A.
2525 East Camelback Road
Phoenix, AZ 85016
Ljm@tblaw.com
*Attorneys for Creditor, NewRez LLC*
*d/b/a Shellpoint Mortgage Servicing*

1 Allan D. NewDelman
  ALLAN D. NEWDELMAN, P.C.
2 80 E. Columbus Ave.
  Phoenix, AZ 85012
3 anewdelman@adnlaw.net
  *Attorney for Creditor, Allan D. NewDelman, P.C.*
4
5
6
  By: */s/ Elizabeth S. Machin*
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28