**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
jsaffer@rllaz.com
Jonathan M. Saffer
State Bar No. 022004
*Attorneys for Creditor, Greg Goodman*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>12 University, LLC,<br><br>Debtor. | Chapter 11<br><br>NO. 4:20-bk-11567-BMW<br><br>**OBJECTION TO MOTION TO SET AN INJUNCTION HEARING AND REQUEST TO HONOR THE STAY RELEASE AND CONVERT**<br><br>(Assigned to Hon. Brenda M. Whinery) |

Judgment Creditor, Greg Goodman ("Goodman"), Objects to the Motion to Set an Injunction Hearing and Requests this Court Honor the Stay Release and Moves to Convert this matter to Chapter 7 pursuant to 11 U.S.C. §§ 105 and 1112.

## I. INTRODUCTION

The Debtor, 12 University ("Debtor"), continues to utilize these bankruptcy proceedings solely for the purpose of interfering with the Pima County Superior Court proceedings. The Debtor's sole managing member, **James Diller continues to engage in fraudulent transfers, this time in excess of $500,000, by holding cashier's checks that should be used to pay the underlying judgment.**

### a. Background

The bankruptcy case has been pending since October 2020 and there is still no acceptable Plan of Reorganization proposed. The Debtor has filed insufficient Disclosure Statements. This Court has rejected the previously filed Disclosure Statement and an amended Disclosure Statement has yet to be filed by Debtor. In January 2022, James Diller shared he was in possession of over $500,000 of cashier's checks. Goodman, through undersigned counsel, filed an ex parte Application for Temporary Restraining Order ("Application") to have the checks deposited with the Clerk of Pima County Superior Court. The State court judge granted the Application. Debtor now files a Motion for Accelerated Final Hearing on Motion to Obtain Post-Petition Loan to Refinance Secured Obligations Against Real Property ("Motion"). This Motion must be denied as it is yet another attempt by Debtor to prolong this case and avoid payment. For the reasons argued below this Court must not set any further hearings, must honor the stay release, and convert this matter to Chapter 7.

## II. POINTS OF AUTHORITY

### a. Conversion From a Chapter 11 to a Chapter 7 is Appropriate as Cause Exists for the Conversion

Conversion is controlled by 11 U.S.C. §1112(a) which provides that, "The debtor may convert a case under this chapter to a case under Chapter 7 unless (1) the debtor is not a debtor in possession; (2) the case originally was commended as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request." Courts can grant a motion to convert a Chapter 11 to Chapter 7 for "cause," when (i) the debtor has no profitable core around which to reorganize, or (ii) debtor cannot or will not formulate a reasonable plan. *In re Gabbidon Builders, LLC*, Case No. 20-30845, Western District of North Carolina Bankruptcy Court (issued May 14, 2021, Doc. 175). Courts have held where the purpose of the Chapter 11 filing was only to obtain

time to either sell or refinance a parcel of real estate, then the case should be converted to Chapter 7. Under 11 U.S.C. §1112(b)(4) "Cause" for conversion includes, but is not limited to:

a) failure to comply with a court order;
b) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
c) unexcused failure to satisfy timely any filing or reporting requirement; and
d) failure to file a disclosure statement or to file or confirm a plan, within the time fixed by this title or order of the court.

Here, Debtor is in possession, the case was not commenced as an involuntary case, and the case was not a Chapter 11 case at the request of any party other than the Debtor. As such, the case can be converted under Chapter 7. Additionally, a Debtor must propose a *reasonable* plan of reorganization within 120 days of filing a petition for Chapter 11 Bankruptcy. As long as the debtor proposes a plan within the required period the Court can then grant another 180 days so that the debtor can confirm the plan. As this court is aware, no *reasonable* plan has been proposed much less confirmed. Debtor has failed to comply with court orders by submitting a proper disclosure statement or a viable confirmed plan. The Debtor continues to interfere with any efforts to collect funds. The over $500,000 in outstanding cashier's checks with different banks is the collection effort Debtor is desperate to stop by requesting an injunction hearing. This conduct is highly fraudulent and designed to evade the underlying State court orders especially after Pima County Superior Court Judge Butler granted the Application. It is odd that Debtor should continue to derail collection efforts since any money collected goes to the judgment. For these reasons, cause exists for a Chapter 7 conversion, the court should not grant anymore hearings, and the court should honor the current stay release to keep this case moving forward.

**b. The Court Should Convert this Case and Deny any Future Hearings**

Federal courts do not have the jurisdiction to review decisions of State courts or claims inextricably intertwined with an earlier state-court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Colombia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Simply put, fraud is being perpetuated on every court involved with the Debtor and James Diller. This Court should not be moved to schedule additional hearings to interfere with the Superior Court's exercise of its exclusive jurisdiction—i.e., holding the Dillers' responsible for violating Court orders and statutes. The Debtors clear motivation in moving for an injunction and stay here is to posture and "muddy the waters" before the Superior Court can properly seize funds in the Dillers possession. This is highly improper. For these reasons the Court should Convert this case and stop giving the Debtor chances to prolong this matter.

## III. CONCLUSION

For the above reasons this Court should not set anymore hearings and convert this matter to Chapter 7.

DATED this February 14, 2022.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

*/s/ Jonathan M. Saffer*
Jonathan M. Saffer
*Attorneys for Creditor, Greg Goodman*

## CERTIFICATE OF SERVICE

I certify that on February 14, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Pernell W. McGuire
Preston Gardner
DAVIS MILES MCGUIRE GARDNER
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
efile.dockets@davismiles.com
*Attorneys for Debtor*

Alan D. NewDelman
ALAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
anewdelman@adnlaw.net
*Attorney for Debtor*

Ilene J. Lashinsky
Edward K. Bernatavicius
United States Trustee
230 N. First Ave., Ste. 204
Phoenix, AZ 85003-1706
Edward.K.Bernatavicius@usdoj.gov

Mark S. Bosco
Leonard J. McDonald
TIFFANY & BOSCO, P.A.
2525 East Camelback Road
Phoenix, AZ 85016
Ljm@tblaw.com
*Attorneys for NewRez d/b/a Shellpoint Mortgage Servicing*

Philip J. Nathanson, Esq.
NATHANSON LAW FIRM
8326 East Hartford Drive, #101
Scottsdale, AZ 85255
*Special Counsel*

By: */s/ Elizabeth S. Machin*