**Davis Miles McGuire Gardner**

40 E. Rio Salado Pkwy., Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
M. Preston Gardner – SBN 029868
*Attorneys for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>12 UNIVERSITY, LLC<br><br>Debtor. | Chapter 11<br><br>Case No.: 4:20-bk-11567-BMW<br><br>**MOTION TO APPROVE SALE OF REAL PROPERTY; AND**<br><br>**MOTION FOR EXPEDITED HEARING TO APPROVE SALE** |

Debtor 12 University, LLC ("Debtor"), by and through counsel undersigned, pursuant to 11 U.S.C. § 363 and Local Rule 6004-1, hereby moves the Court for an order approving the sale of the real property located at 12 E. University Boulevard, Tucson, Arizona, 85705 (the "Property").

A copy of the Purchase Contract, addendums and proof of funds (the "Contract") is attached hereto as **Exhibit "A"**. The terms and conditions of the Contract are summarized as follows:

    1. Buyer:                Sandra Hinojosa on behalf of Smart Marketing Team, LLC (a non-insider)

1

| | | |
|---|---|---|
| 2. Purchase Price | | $620,000.00 |
| 3. Payment Terms | | $3,000.00 down, Buyer to pay remainder of purchase price upon closing; Buyer will pay all closing costs. |
| 4. Property | | Residential real property located at 12 E. University Boulevard, Tucson, Arizona. |
| 5. Close of Escrow | | Within three days of Court approval. |
| 6. Broker Commission: | | 6%. |

In support of this Motion, Debtor represents as follows: The Property is a four unit with separate carriage house multi-family property, with potential for a mixed use commercial and residential project. Debtor has marketed the Property for sale throughout these bankruptcy proceedings, with an original listing price of $1,000,000. After receiving no offers for several months, Debtor lowered the listing price. The current listing price is $750,000. Debtor has received two offers on the Property. The first was for $620,000 but the buyer group could not reach a consensus and withdrew their offer. Shortly thereafter, the Debtor received a second offer for the same amount and the Debtor now seeks Bankruptcy Court approval. This is the best offer Debtor has received for purchase of the Property. Debtor believes that the offered purchase price is fair and reasonable based on the size, condition, and location of the Property, and the fact that Debtor has been actively marketing the Property for months with no significantly better offer.

There are various secured claims against the Property as follows:

Property taxes $1,434.92

2

| | |
|---|---|
| NewRez, LLC | $30,000.00 |
| Greg Goodman | $631,194.00 |
| Pima County jury fees | $1,163.20 |
| Total Liens | $663,792.12 |

Because of the amount and position of their valid security interests, Debtor proposes that the property tax lien and NewRez be paid in full from the sale of the Property at the close of escrow.

The other secured claim against the Property is a recorded judgment lien in favor of creditor Greg Goodman. Goodman's claim was established by the Court's order sustaining the Debtor's Objection to Proof of Claim and setting the amount of the claim at $631,194 [Docket # 158]. On February 4, 2022 Goodman also filed a Motion to Amend/Motion for New Trial seeking to amend the Court's order establishing the amount of his claim. [Docket # 193]. In the Motion, Goodman asserts that his claim should be increased to $658,814, an increase of $27,620. Finally, Pima County has recorded a judgment lien for jury fees in the amount of $1,163.20.

The Debtor estimates net proceeds of $581,600 after paying a commission of 6% and approximately $1,200 in closing costs. As a result, there is an estimated deficit of $82,192.12 to secure payment in full of the Goodman Allowed claim. The deficit would be $109,812.12 if Goodman's Motion to Amend is granted. However, the Debtor's principal James Diller is a judgment debtor in the same litigation that gave rise to Goodman's claim

against the Debtor and is indebted to Goodman in the amount of approximately $508,000. In connection with that judgment, Goodman has obtained a preliminary injunction prohibiting Diller from using certain funds which are currently in the form of cashier's checks in the amount of $134,007 drawn on an account with OneAZ Credit Union, and $447,693 drawn on an account with U.S. Bank. In connection with the closing of this sale, as soon as permitted to do so, Diller is prepared to pay into escrow from the frozen funds the shortfall to Goodman in order to satisfy the Goodman lien. All liens would attach to the proceeds pending resolution of any disputed claims.

Importantly, the sale is subject to higher and better offers, and should a higher offer be accepted, the amount to the estate would be increased accordingly.[1]

Debtor believes that the sale of the Property is in the best interests of the estate. The proposed buyer is paying cash, has waived the inspection period, and has made a substantial offer on the Property after Debtor has engaged in months of active marketing of the Property. All proceeds will go towards payment of closing costs and secured claims. The first lienholder has filed a motion for relief from stay, which if granted would result in the property being sold at a trustee's sale, which in all likelihood would result in far less for the 2nd lienholder. Thus, this sale is a substantially better deal for Goodman than it would likely receive in a foreclosure. Debtor believes that the standard 6% real estate commission for

---

[1] Although the Debtor intends to pay off Goodman's claim in full, Goodman is entitled to credit bid on the Property up to the amount of his Allowed Secured Claim.

4

the listing broker is appropriate considering the time and effort expended by him in listing and selling the Property.

Last, Debtors request that the Court waive the 14-day waiting period under Rule 6004(h) in order to facilitate the timely closing of the sale and distribution of the proceeds.

Wherefore, Debtor requests that the Court approve the sale of the Property as set forth herein and for such further relief as is just.

**Motion for Expedited Hearing**

The Debtor requests that the Court set an expedited hearing to consider approval of the Motion to Approve Sale. Debtor is concerned that any further delay could result in the buyer refusing to close. An expedited hearing is in all parties' best interests. As such the Debtor requests that the Court schedule a hearing to approve the sale at its first opportunity.

DATED this 14th day of February, 2022

                                                **DAVIS MILES MCGUIRE GARDNER, PLLC**

                                                By: /s/ Pernell W. McGuire
                                                    Pernell W. McGuire
                                                    *Attorneys for Debtor*

1  A copy of the foregoing was
2  Emailed/mailed this 14th day of February, 2022 to:

3  Leonard McDonald
   Tiffany & Bosco, P.A.
4  7th Floor Camelback Esplanade II
5  2525 East Camelback Road
   Phoenix, AZ 85016
6  *Attorney for NewRez*

7
   Jon Saffer
8  Rusing Lopez & Lizardi, P.L.L.C.
9  6363 North Swan Road, Suite 151
   Tucson, Arizona 85718
10 *Attorney for Greg Goodman*

11
   Edward K. Bernatavicius
12 Trial Attorney
   Office of the United States Trustee, Region 14
13 230 N. First Ave, Suite 204
14 Phoenix, AZ  85003

15
   Carolyn Johnsen
16 Dickinson Wright, PLLC
   1850 N. Central Ave., Suite 1400
17 Phoenix, AZ 85004
18 Attorney for James Diller

19
   By: /s/ Joan Stoner
20       Joan Stoner