## Davis Miles
## McGuire Gardner

40 E. Rio Salado Pkwy., Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
M. Preston Gardner – SBN 029868
*Attorneys for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re:<br><br>12 UNIVERSITY, LLC<br><br>Debtor. | Chapter 11<br><br>Case No.: 4:20-bk-11567-BMW<br><br>**DEBTOR'S STATEMENT OF POSITION REGARDING MOTION TO CONVERT OR DISMISS CASE**<br><br>Hearing Date: February 15, 2022<br>Hearing Time: 10:45 a.m. |
|---|---|

12 University, LLC (the "**Debtor**"), by and through undersigned counsel, files its **Statement of Position** regarding conversion or dismissal of this case as posed by the Court at the hearing held January 19, 2022.

Without doubt, this case has languished, primarily as a result of protracted outside litigation that has impeded any progress toward reorganization. But, at last there is an end in sight—one that provides a means for the Debtor to pay its secured creditors <u>immediately</u> in full and will likely provide a modest recovery for the estate. As described below, the Debtor has executed a purchase contract for the immediate sale of its property and consequently, neither conversion nor dismissal are in the best interests of the estate and its

1

creditors. Rather, the Debtor urges that the sale be set quickly as the Court's calendar may allow and that the present matter regarding conversion or dismissal be continued and considered at that time.

**THE SALE**

Purchase Contract

The Debtor's sole tangible asset consists of a four unit with separate carriage house multi-family property located in the West University Historic District near the University of Arizona. (the "**Property**"). The Property has potential for a mixed use commercial and residential project.

On February 7, 2022, the Debtor entered in a Purchase Contract with Sandra Hinojosa on behalf of Smart Marketing Team LLC (the "**Purchaser**") to sell the Property for $620,000.00 in cash (See **Exhibit A** with Addendums) (the "**Sale**"). There are no contingencies and the Sale is set to close three days after Court approval. Evidence of the Purchaser's proof of funds necessary to close the Sale is attached as **Exhibit B**. The Debtor has filed contemporaneously with this Statement of Position a *Motion to Approve Sale of Real Property; and Motion for Expedited Hearing to Approve Sale*.

Marketing of the Property

As the Court may recall, the Debtor has marketed the Property for sale throughout these bankruptcy proceedings, with an original listing price of $1,000,000. After receiving

2

no offers for several months, Debtor lowered the listing price. The current listing price is $750,000 to $950,000. Debtor has received two offers on the Property. The first was for $620,000 but the buyers (a group) were unable to reach consensus and withdrew. Shortly thereafter, the Debtor received the Purchaser's offer for the same amount. This is the best offer Debtor has received for purchase of the Property. Debtor believes that the offered purchase price is fair and reasonable based on the size, condition, and location of the Property, and the fact that Debtor has been actively marketing the Property for months with no significantly better offer.

Notice and Hearing

The Debtor requests that a hearing on the Sale be set quickly at which time the Court may consider higher and better bids on the Property. The principal of the Debtor has received inquiries from third parties who may want to bid at the Sale and believes the purchase price will increase.

Notice will be given to all creditors and any parties who may have expressed an interest in the Property through the Broker or the Debtor's principals. Give the marketing history and the current exigencies of the case, Debtor believes expedited relief is appropriate.

Distribution of Sale Proceeds

3

At Closing, the proceeds will be distributed as follows:

| | |
|---|---|
| **Total Sale Amount** | **$620,000.00** |
| 6% realtor commission | ($37,200.00) |
| Misc. closing costs | ($1,200.00) |
| Property taxes | ($1,434.92) |
| Pima County (1st lien) | ($1,163.20) |
| NewRez, LLC (2nd lien) | ($30,000.00) |
| Total prior to Goodman | $549,001.88 |
| Goodman (3rd lien) | ($631,194) |
| Shortfall | $82,192.12 |

### **PAYMENT OF FROZEN FUNDS**

The Debtor does not currently have consent of all lienholders as required by Section 363 of the Bankruptcy Code. However, the sale can be approved if lienholders are paid in full. See Section 363(f)(3)). In this instance, the shortfall for full payment is $82,192.12. It will be overcome through the payment of certain **Frozen Funds** owned by one of the Debtor's entities.

As the Court may be aware, Greg Goodman ("**Goodman**") claims a lien on the Property by virtue of a State Court Judgment entered in July 2019 against the Debtor and the principal of the Debtor James Diller and his wife Sheila (the "**Dillers**"). The entire

4

Judgment is for $631,164.00; the Dillers are jointly responsible for $507,376.39. This Court established Goodman's allowed secured claim in this case at $631,164.00 by Order at Doc No. 158.

As part of his collection efforts, Goodman obtained a Charging Order dated June 22, 2020 against the Dillers' interests in three entities: Snakebridge LLC; 807 7th LLC; and 821 LLC (the "**Entities**"). On January 11, 2022, Goodman obtained <u>without notice</u> a temporary restraining order and preliminary injunction freezing certain funds held by the Entities by way of cashiers' checks (the "**Checks**") drawn on the Entities' respective bank accounts. The Frozen Funds are held as follows: Snakebridge $132,574.74; 807 7th $1,204.54; 821 7th $447,921.28. (Note: Debtor's and Diller's counsel are fully aware that Goodman and his counsel are concerned about the possession of the Checks and have pledged to counsel that they will take steps to ensure they are secure and cannot be unilaterally cashed or endorsed without express consent.

The Entities vehemently oppose the manner in which the funds were frozen and to say the least, costly and contentious litigation is ongoing.[1] These issues are not before this Court. Nonetheless, the entire matter with respect to the Debtor can and will be resolved by the Sale.

---

[1] Goodman claims he is entitled to the Frozen Funds because the Dillers violated the Charging Order. The Dillers dispute that any violation occurred and that Goodman is entitled to the Frozen Funds. However, they have not had the opportunity to present their defenses because the preliminary injunction was obtained ex parte, without notice, and based on an inaccurate affidavit. Most glaring, the injunction restricts the use of funds that were never a part of any

5

As indicated above, the Debtor believes the sale will generate more proceeds than the current Purchaser has offered and that there not be a shortfall. However, in order to consummate the Sale, the Dillers are prepared to pay into escrow from the Frozen Funds the shortfall to Goodman in order to satisfy the Goodman lien.

As a result of the payment to Goodman, Goodman's claim will be reduced to $498,619.26 and the Sale will then pay all lienholders in full.

## **CONVERSION OR DISMISSAL IS NOT WARRANTED**

In considering whether to convert or dismiss a case under Section 1112(b) of the Bankruptcy Code, the court must do "whichever is in the best interests of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). If a bankruptcy court finds that "cause" exists under § 1112, then it has an "independent obligation" to "(1) decide whether dismissal [or] conversion . . . is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 612 (9th Cir. BAP 2014) (citing § 1112(b)(1)-(b)(2)). In this instance, neither conversion nor dismissal of the case is in the best interests of creditors and the estate.

The proposed Sale is real, and barring unforeseen circumstances, it will close in less than a month. It makes no sense to change the status quo and disrupt the Sale that will not only pay secured creditors in full, will provide monies for the estate.

---

lawsuit filed. Notably, Goodman cannot access the frozen funds without further order from the Superior Court. His

6

Conversion to Chapter 7, for example, would cause significant delay and disruption, would likely result in the loss of the existing buyer, and would create unnecessary administrative costs. A Chapter 7 Trustee would not have the benefit of the Frozen Funds and would still have to cross the hurdle of approving a sale that did not provide for payment of all liens.

As now proposed, the secured creditors will be paid in full and there is a good chance that the estate will recover proceeds for payment to other creditors. In any event, the stage will be set for further, reasoned consideration of whether the Debtor will file a simple Liquidating Plan or a structured dismissal to pay creditors utilizing in part contributed funds from the Entities that will then be "unfrozen," [2] or whether a conversion is a better alternative.

**REQUESTED RELIEF**

Based on the foregoing, the Debtor respectfully requests that the Court

- Set an immediate hearing on the Sale for a date as the Court's calendar permits
- Set a status hearing 7 days after the Sale hearing to consider dismissal or conversion

/ / / /

/ / / /

/ / / /

---

ability to access the frozen funds is anything but certain will create more litigation havoc for all parties.

7

DATED this 14th day of February, 2022.

**DAVIS MILES, MCGUIRE GARDNER, PLLC**

/s/ M. Preston Gardner
Pernell W. McGuire
M. Preston Gardner
*Attorneys for Debtor*

---

[2] Note that other than administrative claims, there are few creditors holding a minimal amount of claims: 4 priority totaling $3,590 and 7 unsecured creditors totaling $55,410 (and 1 disputed and unliquidated claim).

8

# CERTIFICATE OF SERVICE

I certify that on February 14, 2022, I electronically filed the foregoing **DEBTOR'S STATEMENT OF POSITION REGARDING MOTION TO CONVERT OR DISMISS CASE** with the Clerk of the Court for the United States Bankruptcy Court by using the CM/ECF system.

I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

In addition, the Motion was served via email to the following:

United States Trustee's Office
Edward K. Bernatavicius
230 N. First Ave., Suite 204
Phoenix, AZ 85003
Edward.K.Bernatavicius@usdoj.gov

Leonard McDonald
Tiffany & Bosco, PA
Seventh Floor Camelback Esplanade II
2525 E. Camelback Rd.
Phoenix, AZ 85016
LJM@tblaw.com
*Attorney for NewRez, LLCt*

Jon Saffer
Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
JSaffer@rllaz.com
*Attorney for Greg Goodman*

By: */s/ Preston Gardner*
      Preston Gardner

4856-5294-1326 v1 [99998-2606]