# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

## Hearing Information:

|  |  |
|---|---|
| **Debtor:** | 12 UNIVERSITY, LLC |
| **Case Number:** | 4:20-BK-11567-BMW **Chapter:** 11 |
| **Date / Time / Room:** | TUESDAY, FEBRUARY 15, 2022 10:45 AM   VIDEO CONF HRGS |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | REBECCA VOLZ |
| **Reporter / ECR:** | SHARON GIFFORD |

## Matters:

1) MOTION TO CONVERT OR DISMISS CASE (SET ON THE COURT'S OWN MOTION AT HEARING HELD 01/19/22) (RESCHEDULED FROM 02/08/22)
   **R / M #:**   185 / 0

2) MOTION FOR RELIEF FROM STAY FILED BY NEWREZ, LLC RE: REAL PROPERTY LOCATED AT 12 - 18 E. UNIVERSITY BLVD., TUCSON, AZ (CONT. FROM 01/19/22) (RESCHEDULED FROM 02/08/22)
   **R / M #:**   124 / 0

3) DEBTOR'S MOTION FOR TURNOVER OF DOCUMENTS (RESCHEDULED FROM 02/08/22)
   **R / M #:**   179 / 0

4) ADV: 4-21-00237
   **12 UNIVERSITY, LLC vs GREGORY M GOODMAN**
   PLAINTIFF'S AMENDED MOTION TO SCHEDULE EVIDENTIARY HEARING (RESCHEDULED FROM 02/08/22)
   **R / M #:**   48 / 0

## Appearances:

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 4:20-BK-11567-BMW  TUESDAY, FEBRUARY 15, 2022 10:45 AM

PERNELL MCGUIRE, REPRESENTING 12 UNIVERSITY, LLC AND APPEARING BY VIDEOCONFERENCE
M. PRESTON GARDNER, REPRESENTING 12 UNIVERSITY, LLC AND APPEARING BY VIDEOCONFERENCE
JON SAFFER, REPRESENTING GREGORY GOODMAN AND APPEARING BY VIDEOCONFERENCE
CAITLIN WATTERS, REPRESENTING GREGORY GOODMAN AND APPEARING BY VIDEOCONFERENCE
GREGORY GOODMAN, APPEARING BY VIDEOCONFERENCE
PHILIP NATHANSON, REPRESENTING THE NATHANSON LAW FIRM AND APPEARING BY VIDEOCONFERENCE
CAROLYN JOHNSEN, REPRESENTING JAMES AND SHEILA DILLER, SNAKEBRIDGE LLC, 821 7TH STREET LLC, AND 807 LLC, AND APPEARING BY VIDEOCONFERENCE
JAMES DILLER, APPEARING BY VIDEOCONFERENCE
ED BERNATAVICIUS, REPRESENTING THE U.S. TRUSTEE AND APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING NEWREZ, LLC AND APPEARING BY VIDEOCONFERENCE
ALAN NEWDELMAN, REPRESENTING ALAN D. NEWDELMAN, PC AND APPEARING BY VIDEOCONFERENCE
KEVIN BARRETT, REPRESENTING AUTO-OWNERS INSURANCE COMPANY AND APPEARING BY VIDEOCONFERENCE

Case 4:20-bk-11567-BMW Doc 206 Filed 02/15/22 Entered 02/17/22 16:00:02 Desc
Main Page 2 of 6
02/17/2022 3:54:46PM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...    4:20-BK-11567-BMW          TUESDAY, FEBRUARY 15, 2022 10:45 AM

## *Proceedings:*

ITEM 1: MOTION TO CONVERT OR DISMISS CASE (SET ON THE COURT'S OWN MOTION AT HEARING HELD 01/19/22) (RESCHEDULED FROM 02/08/22)

ITEM 2: MOTION FOR RELIEF FROM STAY FILED BY NEWREZ, LLC RE: REAL PROPERTY LOCATED AT 12 - 18 E. UNIVERSITY BLVD., TUCSON, AZ (CONT. FROM 01/19/22) (RESCHEDULED FROM 02/08/22)

ITEM 3: DEBTOR'S MOTION FOR TURNOVER OF DOCUMENTS (RESCHEDULED FROM 02/08/22)

ITEM 4: PLAINTIFF'S AMENDED MOTION TO SCHEDULE EVIDENTIARY HEARING (RESCHEDULED FROM 02/08/22)

**ITEM 1**

Mr. McGuire states the debtor has received and accepted an offer for the purchase of the real property. The sale motion was filed last night. The offer is a cash offer with no contingencies. The buyer has waived the inspection and is prepared to close immediately. The purchase price will be supplemented by Mr. Diller and/or the related entities in order to pay all secured claims in full. The debtor will be able to submit a plan of reorganization once Mr. Goodman's claim is paid. He requests that the Court set an expedited hearing regarding the sale and continue this matter until after the hearing on the sale motion. Once the sale is closed, the Court can consider dismissal or conversion or whether the debtor may proceed with a plan.

The Court asks about the proposed sale. Will the sale pay secured creditors in full?

Mr. McGuire states that the sale will not pay secured creditors in full, but the debtor's principal will supplement the sale amount to ensure that secured creditors are paid in full.

Ms. Johnsen states that her clients support setting an expedited hearing on the sale and continuing this matter until after the sale has closed. It seems that there is now an end in sight and all of the litigation can be resolved very quickly once the sale closes.

The Court asks about the supplemental funds. How do the parties propose to pay additional funds into this estate through a sale motion?

Ms. Johnsen states that these circumstances are unusual, but the parties intend to have direct payments made from the entities to Mr. Goodman. The Dillers are jointly and severally liable with 12 University, LLC so the supplemental payments do not have to run through the estate.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...  4:20-BK-11567-BMW          TUESDAY, FEBRUARY 15, 2022 10:45 AM

The Court states that what the parties are proposing cannot be accomplished through a sale motion. Additionally, it is this Court's understanding that the funds intended to supplement the purchase price are subject to a charging order in state court.

Ms. Johnsen agrees that the supplemental funds are subject to a state court order. Mr. Goodman can agree to the sale motion on the basis that the funds will be paid to Mr. Goodman directly.

**11:28 A.M.**
Mr. Saffer discusses the proceedings in state court. The supplemental funds are subject to the charging order. His client takes the position that Mr. Diller has violated the charging order. Approximately $585,000.00 will be deposited with the state court. His client will almost be paid in full once the $585,000.00 has been disbursed to his client. His client prefers to be paid through state court. Any outstanding amount can be addressed by this Court. The proposed sale does not pay secured creditors in full and provides no value to this estate.

The Court states that the sale motion is not on calendar today since it was just filed last night. It was briefly reviewed, and some deficiencies were noted. There are administrative claims and unsecured claims in this case that need to be paid.

Ms. Saffer reports that his client also has administrative claims that have not yet been filed.

**11:40 A.M.**
Mr. Bernatavicius argues that the debtor may be using the sale motion as a shield to avoid conversion or dismissal. This debtor has a habit of filing pleadings just prior to a scheduled hearing. A DIP financing motion was filed immediately prior to the last hearing and the debtor did not pursue the motion thereafter. The sale motion was filed just last night. He is concerned that the sale will not pay secured creditors in full. This case was filed over one year ago and there is no viable plan on file. There is no viable path to reorganization. He requests that the Court covert this case to a Chapter 7.

Ms. Johnsen states that conversion will drive up administrative costs and result in no disbursement to unsecured creditors. The supplemental funds will only be contributed through a plan of reorganization. The sale is subject to higher or better offers. Mr. Goodman could offer a credit bid which would drive up the price. Other bidders may drive up the price. She argues that no one is harmed by a short continuance and there is a lot of potential benefit in letting the sale go forward.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...    4:20-BK-11567-BMW           TUESDAY, FEBRUARY 15, 2022 10:45 AM

The Court states that if the sale is set for hearing, then there may be objections to the sale. The sale will only occur once objections have been resolved.

Ms. Johnsen states that there may not be objections to the sale once the checks at issue are deposited with the state court.

Mr. NewDelman does not take a position.

Mr. McGuire states for the record that it is the debtor's position that the debtor has not violated any state court orders.

**11:48 A.M.**
The Court states that it is not concerned with the state court litigation. This Court is only concerned with trying to get to a confirmable plan to pay creditors, including administrative and unsecured creditors. The debtor has consistently taken the position that the property is worth $1,000,000.00. A property is ultimately worth what a buyer is willing to pay, but it is currently the best real estate market that Tucson has ever seen.

Mr. McGuire requests that the Court set the sale motion for hearing. Any potential shortfall would have to be cured prior to the sale hearing. If Mr. Saffer's client is paid from the state court funds, then Mr. Saffer's client should not have an objection to the sale. If this case is converted to a Chapter 7, then administrative creditors will not be paid. There are other assets in this estate, including litigation claims and a disgorgement claim, that could fund a plan of reorganization.

The Court summarizes its concerns. There is money in the state court that could be used to pay Mr. Goodman. The debtor is trying to sell the primary asset in this single asset real estate case to pay Mr. Goodman and the other minimal secured liens and then put in some of the state court funds which will free up all of the remaining money to Mr. Diller and the related entities. That would leave nothing but litigation claims in this estate to pay creditors.

COURT: THE COURT WILL CONSIDER THIS MATTER FURTHER. THE COURT WILL EITHER RULE ON THE MOTION TO CONVERT OR SET A HEARING REGARDING THE SALE MOTION. IN THE EVENT THE SALE MOTION IS SET FOR HEARING, THEN THE MOTION TO CONVERT OR DISMISS WILL BE CONTINUED TO THE SAME DATE AND TIME.

**ITEM 2 AND ITEM 3**
Mr. McDonald does not object to a continuance.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
## Minute Entry

(continue)...　　4:20-BK-11567-BMW　　　　TUESDAY, FEBRUARY 15, 2022 10:45 AM

COURT: A CONTINUED HEARING WILL BE SET. IN THE EVENT THAT THE SALE MOTION IS SET FOR HEARING, THEN THE MOTION FOR RELIEF FROM STAY AND THE MOTION FOR TURNOVER WILL BE CONTINUED TO THE SAME DATE AND TIME.

**ITEM 4**
Mr. McGuire reports that this matter can be taken off calendar at this time.

COURT: NO FURTHER HEARINGS WILL BE SET AT THIS TIME.


**SUBSEQUENT TO THE HEARING**
COURT: AN EXPEDITED HEARING REGARDING THE DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY LOCATED AT 12 E. UNIVERSITY BLVD., TUCSON, AZ, DKT. 197, IS SET FOR TUESDAY MARCH 1, 2022 AT 10:00 A.M. THE MOTION TO CONVERT OR DISMISS, THE MOTION FOR RELIEF FROM STAY, AND THE MOTION FOR TURNOVER ARE CONTINUED TO THE SAME DATE AND TIME. ANY INTERESTED PARTIES ARE TO APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS 161 967 0124 AND THE PASSCODE IS 550065. CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM DEPUTY REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST ONE (1) BUSINESS DAY PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.