ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

EDAWRD K. BERNATAVICIUS (#024174)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Phone: (602) 682-2608
Email: Edward.K.Bernatavicius@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 12 UNIVERSITY, LLC<br><br>DEBTORS. | In Proceedings under Chapter 11<br><br>Case No. 4:20-bk-11567-BMW<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY AND IN SUPPORT OF COURT'S MOTION TO CONVERT CASE TO CHAPTER 7.**<br><br>Date: March 1, 2022<br><br>Time: 10:00 am<br><br>Location: Videoconference |

The United States Trustee for the District of Arizona, Region 14, Ilene J. Lashinsky (the "**UST**"), by and through undersigned counsel, respectfully submits her "**Objection**" to 12 University, LLC's (hereinafter referred to as either "**Debtor**" or "**12 University**") *Motion to Approve Sale of Real Property*. ("**Motion**") filed at the Court's docket entry number ("Dkt. #") 197. The sale, as proposed, is not viable and the UST Objects to the Motion for the following reasons:

1. The Debtor's Motion attempts to sell the real property located at 12 University Blvd., Tucson, Arizona for less than the amount of claims secured by the Debtor's property.

2. The Debtor's attempt to supplement any shortfall in sale proceeds through funds subject to a charging order in state court appears to be inappropriate and cannot be accomplished through the sale motion process.

3. Greg Goodman (Goodman), a secured creditor, does not consent to the sale as proposed and cannot be compelled to take less than the value of his claim secured by the interest in the property.

4. The Debtor has been in bankruptcy for approximately sixteen months with no viable prospect of a chapter 11 plan or rehabilitating through the chapter 11 process. The Debtor is attempting to sell its only substantial asset and is unable to pay secured creditors in full with no proposed payment to unsecured creditors. The case should be converted to chapter

## I. STATEMENT OF FACTS

1. On January 19, 2022, the Court issued a Notice of Hearing on whether Debtor's case should be converted or dismissed. Dkt. # 186, page 4. At the January 19th hearing, the Court voiced its concern that the case was filed on October 20, 2020, there is no plan in prospect and that there is an inability to confirm a plan pursuant to 11 U.S.C. §1112(4)(J). Id.

2. The hearing on whether the Debtor's case should be converted or dismissed was ultimately scheduled to be heard on February 15, 2022.

3. The night before the hearing, the Debtor filed the Motion to Approve Sale of Real Property.

4. At the February 15th hearing, when pressed by the Court, the Debtor conceded that the Motion will not pay secured creditors in full. Dkt. # 206, page 3. As per the Motion, the current sale price is $620,000 and the total amount of liens on the property is $663,792.12.

- 2 -

The Greg Goodman secured claim is currently $631,194.00 and sits third in line behind property taxes ($1,434.92) and first lien holder NewRez, LLC ($30,000). Dkt. # 197, page 2 & 3. Goodman also filed a Motion to Alter/Amend its POC to $658,814 which is pending before the Court. Dkt. #193.

5. While the Debtor alleges that it will attempt to make up any shortfall to secured creditors through supplemental funds, the Court raised concerns that such funds were subject to a charging order in state court and that the Debtor could not accomplish what it was proposing to do through the sale motion. Dkt. # 206, page 4.

6. At the February 15th hearing, Goodman did not consent to being paid less than the full value of his claim through the sale and did not consent to any shortfall being paid through supplemental funds subject to a charging order in state court. Id. page 4. Goodman made clear his position that he wants his claim reduced through direct payment of the approximately $585,000 in supplemental funds that are to be deposited with the state court and subject to the charging order. Id.

7. If Goodman's claim was reduced through direct payment of funds deposited with the state court, then it appears the sale may be viable, and funds would be available not only pay secured claims but also all court authorized administrative claims and non-insider general unsecured claims in the case.[1]

---

[1] Through discussions with Debtor's counsel, administrative claims (subject to court approval) are estimated at $175,000 and non-insider, general unsecured claims are approximately $55,000.

8. The Court has set the Motion for hearing on March 1, 2022, as well as further consideration as to whether the case should be converted or dismissed.

## II. LEGAL ARGUMENT

I. <u>Debtor's Motion to Approve Sale of Real Property fails to pay secured creditors in full, the largest secured creditor does not consent to the sale and cannot be compelled to accept less than value of its claim.</u>

11 U.S.C. §363(f) provides:

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The three factors that seem to be most applicable to this case are §365(f)(2),(3) & (5).

A. <u>Section 365(f)(3), Whether the price which such property is to be sold is greater than the aggregate value of liens on such property</u>.

As discussed above, the price at which the property is to be sold is *not* greater than the aggregate value of all liens on such property. The Motion proposes to sell the real property for $620,000. The Motion states that secured claims total $663,792.12 and Goodman's claim is at

- 4 -

least $631,194.00. The Ninth Circuit Bankruptcy Appellate Panel has found that § 363(f)(3) does not authorize the sale free and clear of a lienholder's interest if the price of the estate property is equal to or less than the aggregate amount of all claims held by creditors who hold a lien or security interest in the property being sold. See, *In re PW, LLC*, 391 B.R. 25, 41 (9th Cir. B.A.P., July 18, 2008). As such, unless the secured creditors consent to such a sale or they can be compelled to accept less than full value of their claims the sale is not viable.

B. *Section 365(f)(2), Such entity consents to the sale*.

Goodman's claim is at least $631,194.00. Upon information and belief, through Goodman's representations in court, including the February 15th hearing and subsequent communications to the Debtor, Goodman does not consent to the sale as proposed, does not consent to being paid less than the full value of his claim and does not consent to the Debtor using supplemental funds that are the subject of a charging order in state court. Again, it appears that Goodman would consent to his claim being reduced from direct payments from the funds to be deposited with the state court. This would, in turn, free up sale proceeds to pay the remaining claim of Goodman and other secured claims, approved administrative claims and non-insider general unsecured claims in full through the proposed sale.

C. *Section 365(f)(5), Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest*.

Paragraph (5) requires that there exists or may be the possibility of, some proceeding, either at law or at equity, in which a nondebtor could be forced to accept money in satisfaction of its interest. The Court in *PW, LLC*, stated that the language of § 363(f)(5) indicates that compelling a nondebtor to accept a monetary satisfaction cannot be the sole focus of the inquiry

under that paragraph. The statute additionally requires that "such entity could be compelled, *in a legal or equitable proceeding,* to accept" such a monetary satisfaction. Id. at 45. As such, the BAP stated that the question is whether there is an available type or form of legal or equitable proceeding in which the court could compel a debtor to release its lien for payment of an amount that is less than the value of creditor's claim. Id. at 46.

The UST is not aware of any legal or equitable proceeding under nonbankruptcy law in which Goodman could be compelled to release its lien for payment of less than the full value of its secured claim.

Based on the above the Debtor's Motion does not satisfy 11 U.S.C. §365 and cannot be approved.

II. <u>The Debtor appears to be unable to rehabilitate through the chapter 11 process and the case should be converted to chapter 7.</u>

Pursuant to Section 1112(b) of the Bankruptcy Code, a Bankruptcy Court may dismiss or convert a Chapter 11 case for "cause." The enumerated grounds for dismissal or conversion to Chapter 7 are set forth in Section 1112(b) and include:

(A) Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

The Debtor filed this as a single asset real estate case on October 19, 2020. The Debtor has never filed a Chapter 11 Plan of reorganization and, despite being ordered by the Court, has not filed an amended Disclosure Statement to cure deficiencies in the initial disclosure statement. In January 2022, the Debtor filed a Motion to Approve Post-petition Loan to Re-finance Secured Obligations on Real Property (Dkt. # 180). The Debtor never sought a hearing

- 6 -

on this Motion and now appears to have been abandoned it altogether. Despite the Debtor representing at the start of the case that its main focus was the sale of the real property (See, Chapter 11 Status Hearing, Dkt. # 32), the Debtor waited nine months, until July 24, 2021, to file an application to hire a broker to market and sell the property. (Dkt. # 95). As discussed throughout this Objection, the Sale Motion is not viable as proposed and the Debtor continues to lack a legitimate path to rehabilitation through the Chapter 11 process.

The UST asserts that sufficient cause exists to convert this case to Chapter 7 under Section 1112(b). The Debtor has been under the protection of the Bankruptcy Code for approximately sixteen months and is unable to confirm a plan of reorganization. It appears the debtor is administratively insolvent, has a continuing loss and diminution to the estate and does not have the ability to rehabilitate through the Chapter 11 process.

For the above reasons, the U.S. Trustee objects Debtor's Motion to Approve Sale of Real Property and requests that the court convert this case to Chapter 7.

RESPECTFULLY SUBMITTED this 23rd day of February 2022.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

 /s/ EKB (# 024174)
EDWARD K. BERNATAVICUS
Trial Attorney

Copies of the foregoing emailed
February 23, 2022, to:

PERNELL W. MCGUIRE
M. PRESTON GARDNER
DAVIS MILES MCGUIRE GARDNER, PLLC
40 E RIO SALADO PARKWAY
STE 425

- 7 -

| | |
|---|---|
| 1 | TEMPE, AZ 85281<br>480-733-6800 |
| 2 | Fax : 480-733-3748<br>Email: pmcguire@davismiles.com |
| 3 | Email: pgardner@davismiles.com<br>Attorneys for the Debtor |
| 4 | |
| 5 | Carolyn J. Johnsen (#011894)<br>cjjohnsen@dickinsonwright.com |
| 6 | **DICKINSON WRIGHT PLLC**<br>1850 North Central Avenue, Suite 1400 |
| 7 | Phoenix, Arizona 85004 |
| 8 | Phone: (602) 285-5000<br>Fax: (844) 670-6009 |
| 9 | *Attorneys the Diller Parties* |
| 10 | Rusing Lopez & Lizardi, P.L.L.C. |
| 11 | Jonathan M. Saffer<br>6363 North Swan Road, Suite 151 |
| 12 | Tucson, Arizona 85718 |
| 13 | Telephone: (520) 792-4800<br>jsaffer@rllaz.com |
| 14 | *Attorneys for Creditor Greg Goodman* |
| 15 | Alan D. NewDelman |
| 16 | ALAN D. NEWDELMAN, P.C. |
| 17 | 80 East Columbus Avenue<br>Phoenix, Arizona 85012 |
| 18 | anewdelman@adnlaw.net<br>*Administrative Creditor* |
| 19 | |
| 20 | THE NATHANSON LAW FIRM<br>Philip Nathanson |
| 21 | 8326 E. Hartford Dr., Suite 101<br>Scottsdale, AZ 85255 |
| 22 | Phone Number: (480) 419-2578<br>philipj@nathansonlawfirm.com |
| 23 | Former Special Counsel of the Debtor |
| 24 | Kathryn Sears Ore |
| 25 | Pima County Attorney's Office<br>32 N. Stone Ave. |
| 26 | Tucson, AZ 85701<br>Katherine.ore@pcao.pima.gov |
| 27 | |
| 28 | |

- 8 -

| | |
|---|---|
| 1 | Mark S. Bosco |
| 2 | Leonard J. McDonald |
|   | TIFFANY & BOSCO, P.A. |
| 3 | 2525 East Camelback Road |
|   | Phoenix, AZ 85016 |
| 4 | Ljm@tblaw.com |
| 5 | *Attorneys for NewRez d/b/a Shellpoint Mortgage Servicing* |
| 6 | |
| 7 | Kevin C. Barrett |
|   | Jennifer M. Bahling |
| 8 | Barrett & Matura, P.C. |
|   | 8925 E. Pima Center Pkwy, Ste. 215 |
| 9 | Scottsdale, AZ 85258 |
|   | kbarrett@barrettmatura.com |
| 10 | jbahling@barrettmatura.com |
|   | *Attorneys for Auto-Owners Insurance Co.* |