Allan D. NewDelman, Esq. (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, AZ 85012
(602) 264-4550
anewdelman@adnlaw.net
Administrative Creditor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter Eleven |
| 12 UNIVERSITY, LLC, | Case No. 4-20-bk-11567 BMW |
| Debtor. | POSITION STATEMENT RE: DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY |

Administrative Creditor, Allan D. NewDelman, P.C. ("ADNPC") hereby submits its Position Statement in response to the Debtor's Motion to Approve Sale of Real Property.

ADNPC holds an approved administrative claim against the bankruptcy estate and has pending before this Court an additional administrative claim, which, if approved, will make ADNPC the one of the largest administrative creditors herein. As a result, ADNPC has standing to put forth its position relative to the Debtor's pending Motion.

Consistent with the statements made on the record at the Hearing held on February 15, 2022, Carolyn Johnsen, representing James and Sheila Diller, Snakebridge, LLC, 821 7th, LLC and 807 7th, LLC (collectively the "Diller Parties"); Debtor's Counsel and Jonathan Saffer representing secured creditor Gregory Goodman ("Goodman"), a stipulation or agreement could be reached whereby the Diller Parties contribute sufficient funds into the bankruptcy court to pay all creditors pursuant to a Plan of Reorganization. In the alternative, a stipulation or an agreement was suggested that would permit secured Goodman to recover partial payment through the recovery of funds currently subject to state court orders. This concept would be in the nature of "Marshaling" on an informal basis.

Mr. Goodman, as a secured creditor, has the ability to reach funds from a third party source, something that administrative and general creditors can not do. A recovery by Goodman would substantially pay off the secured claim and would potentially render this estate solvent or at least not administratively insolvent. Such would be a true benefit to other creditors and would avoid the specter that the sale of all or substantially all of the assets of the bankruptcy estate, without a Plan of Reorganization would be a prohibited *sub rosa* plan. Accordingly, undersigned believes that the sale should be approved subject to certain conditions and requirements and a commitment by the Diller Parties to pay Goodman directly out of the funds that are subject to the State Court orders thus freeing up the equity in the real property for other creditors of this estate.

In conclusion, it must be noted that, as this Court stated on February 15, 2022, undersigned is concerned that a sale of the only real asset of this estate, which only pays Goodman will lead to a conversion of this case to Chapter 7 leaving all other creditors to fend for themselves with no other remedy.

Respectfully submitted this 24th day of February, 2022.

ALLAN D. NEWDELMAN, P.C.

/s/ ADN 004066
Allan D. NewDelman, Esq.
Administrative Creditor

Copy of the foregoing
electronically transmitted
to:

Pernell McGuire, Esq.
pmcguire@davismiles.com

Jonathan Saffer, Esq.
jsaffer@rllaz.com

Edward Bernatavicius, Esq.
edward.k.bernatavicius@usdoj.gov

By /s/ RJ Sunkin