**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: 520-792-4800
Facsimile: 520-529-4262
jsaffer@rllaz.com
Jonathan M. Saffer
State Bar No. 022004
*Attorneys for Creditor, Greg Goodman*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>12 University, LLC,<br><br>              Debtor. | Chapter 11<br><br>NO. 4:20-bk-11567-BMW<br><br>**OBJECTION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY**<br><br>(Assigned to Hon. Brenda M. Whinery) |

Plaintiff/Judgment Creditor, Greg Goodman ("Goodman"), Objects to Debtors Motion to Approve Sale of Real Property ("Motion") on the following grounds:

**I.    BACKGROUND**

Goodman has a claim against 12 University, LLC ("Debtor") and in October 2020, Debtor voluntarily filed a Chapter 11 Petition. To date, no acceptable Plan of Reorganization has been proposed. The Debtor has failed to file sufficient disclosure statements and refused to cooperate with creditors. On February 14, 2022, Debtor filed its Motion for Approval of Sale claiming this sale combined with payment from the Debtor's managing member, James Diller's, frozen funds will satisfy the Goodman lien. However, at least as of the date of this Objection, Goodman has received no payment and his secured claim has not been reduced.

## II. LEGAL ANALYSIS

### a. The Sale Cannot Proceed Absent Goodman's Consent

Pursuant to 11 U.S.C. 363(f)(3) of the Bankruptcy Code, property of the estate may be sold free and clear of another's interest only if:

(1) Non-bankruptcy law permits it;

(2) The entity consents;

(3) The sale price exceeds all liens;

(4) The interest is in bona fide dispute; or

(5) The entity may be compelled to accept monetary satisfaction;

Debtor has not alleged any facts that implicate § 363(f)(1), (4) or (5). Moreover, Goodman holds an allowed secured claim against the Property subject to sale in the amount of $631,194.00. Goodman has filed a Motion for New Trial seeking to establish an additional secured claim of $27,620.00 against the Property. The Property is further subject to a priority secured claim in the estimated amount of $30,000. The proposed purchase price is $620,000 while total allowed liens exceed $663,792.12.

In order to meet its burden under § 363(f)(3) of the Bankruptcy Code, Debtor must establish the proposed sale price of the property meets or exceeds the value of the liens against the estate. Here, the amount owed to creditors exceeds the proposed sales price of the Debtor. The Debtor alleges Goodman's lien on the Property will be partially satisfied by payment in a related State Court matter. But as of the date of this objection no payment has been received, and Goodman does not anticipate that such payment will be made by the proposed sale closing date. Therefore, under 363(f)(2) <u>the proposed sale cannot proceed absent Goodman's consent.</u>

### b. Goodman Does Not Consent to the Sale Unless His Rights are Protected as Follows:

### i. The Sale is Subject to the 2013 Renewable License Agreement in the Pima County Recorder;

Goodman owns the neighboring property with a "zero-lot-line." In 2013, Goodman and the Debtor entered into a Renewable License Agreement clarifying certain rights and responsibilities of the property owners and affecting the Property subject to sale. The Renewable License Agreement was filed with the Pima County Recorder of Block 38, Book 3 Page 70 of Maps and Plats. *See*, **Exhibit 1**, Renewable License Agreement. Any proposed sale agreement moving forward cannot be made free and clear of the November 15, 2013, recorded agreement and must follow the license agreement.

<u>Debtor does not appear to propose to sell free and clear of the Renewable License Agreement in the Sale Motion. Nevertheless, any buyer should be aware of this and certainly should be on notice provided they obtain a title report.</u> Any Sale Order must acknowledge and clarify that Goodman's rights under the Renewable License Agreement and should expressly provide that the Property remains subject to and bound by the provisions of the Renewable License Agreement.

### ii. The Proceeds of the Sale Must be Sufficient to Satisfy Goodman's Allowed Claim in Full;

Goodman does not consent to the sale unless, prior to Closing, Goodman's allowed claim is satisfied in full, whether this occurs directly from the sale proceeds or by payment from a third-party source. However, Goodman objects to the Sale closing unless his allowed claim is fully satisfied prior to closing.

### iii. Goodman Should Be Afforded Credit Bid/Back Up Bid Rights;

Under § 1129(b)(2)(A)(ii), any sale of a creditor's collateral must be subject to section 363(k). Section 363(k) provides that unless the court for cause orders otherwise the holder of an allowed secured claim against Property subject to sale may bid at such sale.

If the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

In this case the proposed sale price of the Property is $620,000. Goodman doubts the Property is worth $620,000, let alone the $1 million valuation advanced by the Debtor. The Property is poorly maintained and in Goodman's opinion requires at least $200,000 of deferred maintenance. Moreover, the proposed buyers are clearly property flippers. According to the Pima County Recorder's Office the proposed buyers have bought properties, formed an LLC, and sold the properties months later. Just as this Court quoted at the last hearing, this proposed sale reeks of a "shell game." Goodman believes the proposed sale price is too high for the amount of work that needs to be completed on the property and the proposed Motion leaves many questions unanswered. In good faith Goodman doubts the sale will close and will likely be re-traded or abandoned by the proposed buyers.

Debtor has proposed that the sale be subject to higher and better bids. While Goodman is unwilling to bid "higher", he is willing to submit a more realistic and "better" credit bid for the property pursuant to § 363(k). Goodman is further willing to allow the estate a surcharge in a sum certain amount that could yield a significant recovery for unsecured creditors.[1]

The court should as a matter of equity approve this process. This bankruptcy was filed on the eve of a scheduled sheriff sale of the property. There has been no progress for almost 16 months. This despite the fact that the Debtor through counsel announced at the

---

[1] Very little of the sums that are applied for as administrative expenses by Debtor's professionals should be allowed by the Court as nearly all of it benefitted Debtor's principal James Diller and his other entities, and nearly none of it benefitted the estate. Indeed, in the same vein that Debtor and Mr. NewDelman argue that Goodman should leverage payment from Dillers' other entities, so too should they look to Mr. Diller personally and his other entities for payment. Nearly none of their work benefitted the estate and, at least in the case of Debtor's current counsel, according to the Amended Verified 2014 statement (Dkt. # 122) their fees are actually being guaranteed by Diller and his other entities (in violation of state court orders as to the entities).

initial case management process that the Property would be immediately listed and sold. When this did not occur in due time Goodman filed a stay relief motion that has remained pending for a significant period of time. The property has further deteriorated, and the primary secured lien has almost doubled from $16,000 to over $30,000. As a matter of equity, in the event the sale does not close for cash the Court should afford Goodman, who is by all accounts an under secured creditor that has suffered significant harm to his position as a result of Debtor's delay. The Debtor has wasted time, administrative expenses, and Goodman should not have to repeat this process with a Chapter 7 Trustee or Sheriff sale.

If allowed, Goodman will submit his credit bid/back-up bid and proposed surcharge at the hearing. Goodman does not consent to the sale unless he receives payment in full or is allowed to submit a back-up/credit bid.

### III. RESERVATION OF RIGHTS AND CONCLUSION

Goodman expressly reserves any and all of his rights to assert any other and further objections he may have at the hearing of this Motion. This case has been ongoing for 16 months due to the Dillers' delay tactics.

WHEREFORE, Goodman requests this Court deny the Debtor's Motion or in the alternative order the Motion with Goodman's rights protected as provided herein.

DATED: February 25, 2022.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

*/s/ Jonathan M. Saffer*
Jonathan M. Saffer
*Attorneys for Creditor Greg Goodman*

# CERTIFICATE OF SERVICE

I certify that on February 25, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Pernell W. McGuire
Preston Gardner
DAVIS MILES MCGUIRE GARDNER
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
efile.dockets@davismiles.com
*Attorneys for Debtor*

Alan D. NewDelman
ALAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
anewdelman@adnlaw.net
*Attorney for Debtor*

Ilene J. Lashinsky
Edward K. Bernatavicius
United States Trustee
230 N. First Ave., Ste. 204
Phoenix, AZ 85003-1706
Edward.K.Bernatavicius@usdoj.gov

Mark S. Bosco
Leonard J. McDonald
TIFFANY & BOSCO, P.A.
2525 East Camelback Road
Phoenix, AZ 85016
Ljm@tblaw.com
*Attorneys for NewRez d/b/a Shellpoint Mortgage Servicing*

Philip J. Nathanson, Esq.
NATHANSON LAW FIRM
8326 East Hartford Drive, #101
Scottsdale, AZ 85255
*Special Counsel*

By: */s/ Elizabeth S. Machin*