# 🄳 Davis Miles
# McGuire Gardner

40 E. Rio Salado Pkwy., Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
M. Preston Gardner – SBN 029868
*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| In re:<br><br>12 UNIVERSITY, LLC<br><br>Debtor. | Chapter 11<br><br>Case No.: 4:20-bk-11567-BMW<br><br>**OBJECTION TO PROOF OF CLAIM NO. 4 FILED BY AUTO-OWNERS INSURANCE COMPANY** |
|---|---|

12 University, LLC (the "Debtor"), by and through undersigned counsel, hereby objects to Proof of Claim No. 4 filed by Auto-Owners Insurance Company ("Auto-Owners") and asserts that the claim should be disallowed in its entirety. The basis for this objection is that the claim asserted by Auto-Owners is not enforceable against the Debtor or its property under any agreement or applicable law. *See* 11 U.S.C. § 502(b)(1). In support of this objection, the Debtor sets forth the following:

On December 28, 2020, Auto-Owners filed Proof of Claim No. 5 in the amount of $200,000.00. In support of its proof of claim, Auto-Owners attached a Complaint for

1

Declaratory Relief filed against the Debtor, its principal, James Diller, and Sheila Diller in the United States District Court, District of Arizona, Case No. 4:18-cv-00497.

There is no basis for Auto-Owners' assertion that it has a claim in the amount of $200,000. According to the Debtor's policy of insurance with Auto-Owners, Auto-Owners was responsible for defending and indemnifying the Debtor in the underlying lawsuit captioned Goodman v. 12 University, LLC et al., in the Superior Court of Arizona, Pima County, Case No. C20163644 ("the underlying lawsuit"). Auto-Owners took a very aggressive position when the Dillers were dissatisfied with Auto-Owners' paid-for counsel, claiming that the Dillers had violated the terms of their coverage by failing to cooperate with the insurer—something that is extremely rarely done in these types of cases. Auto-Owners filed a Declaratory Judgment action seeking a declaration that coverage was excluded due to the Dillers' refusal to cooperate. However, the Debtor filed a counterclaim against Auto-Owners for breach of contract and bad faith. Should the Debtor be successful in the counterclaim, Auto-owners would be liable for the amount paid by the Debtor for attorneys' fees defending the underlying action, as well as the Judgment finally obtained, and for general damages for loss of credit reputation, inconvenience, and the like.

Based on the foregoing, the claim of Auto-Owners should be disallowed. This Objection sets forth the Debtor's initial objections and defenses to the Proof of Claim 4. The Debtor, therefore, reserves its rights to object further or modify its objection, and to present additional defenses as more facts become known.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order sustaining the Objection and disallowing the claim of Auto-Owners, and for such further relief as the Court may deem just.

RESPECTFULLY SUBMITTED this 28th day of February, 2022.

**DAVIS MILES, MCGUIRE GARDNER, PLLC**

/s/ M. Preston Gardner
Pernell W. McGuire
M. Preston Gardner
*Attorneys for Debtor*

3

A copy of the foregoing was mailed
this 28th day of February, 2022 to:

Auto-Owners Insurance Company
c/o Barrett & Matura PC
8925 E. Pima Center Pkwy., Suite 215
Scottsdale, AZ 85258

Edward K. Bernatavicius
Trial Attorney
Office of the United States Trustee, Region 14
230 N. First Ave, Suite 204
Phoenix, AZ  85003

By: /s/ Joan Stoner
     Joan Stoner