# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

|  |  |  |  |
|---|---|---|---|
| **Debtor:** | 12 UNIVERSITY, LLC | | |
| **Case Number:** | 4:20-BK-11567-BMW | **Chapter:** | 11 |
| **Date / Time / Room:** | WEDNESDAY, MARCH 09, 2022 11:00 AM   VIDEO CONF HRGS | | |
| **Bankruptcy Judge:** | BRENDA M. WHINERY | | |
| **Courtroom Clerk:** | REBECCA VOLZ | | |
| **Reporter / ECR:** | FRANCHESCA GALLARDO | | |

## Matters:

1) DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY LOCATED AT 12 E. UNIVERSITY BLVD., TUCSON, AZ (CONT. FROM 03/01/22)
   **R / M #:**   197 / 0

2) MOTION TO CONVERT OR DISMISS CASE (SET ON THE COURT'S OWN MOTION AT HEARING HELD 01/19/22) (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22)
   **R / M #:**   185 / 0

3) MOTION FOR RELIEF FROM STAY FILED BY NEWREZ, LLC RE: REAL PROPERTY LOCATED AT 12 - 18 E. UNIVERSITY BLVD., TUCSON, AZ (CONT. FROM 01/19/22) (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22)
   **R / M #:**   124 / 0

4) DEBTOR'S MOTION FOR TURNOVER OF DOCUMENTS (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22)
   **R / M #:**   179 / 0

## Appearances:

Case 4:20-bk-11567-BMW    Doc 224    Filed 03/09/22    Entered 03/16/22 16:50:02    Desc
Main    Page 1 of 8

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   4:20-BK-11567-BMW        WEDNESDAY, MARCH 09, 2022 11:00 AM

PERNELL MCGUIRE, REPRESENTING 12 UNIVERSITY, LLC AND APPEARING BY VIDEOCONFERENCE
PRESTON GARDNER, REPRESENTING 12 UNIVERSITY, LLC AND APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING NEWREZ, LLC AND APPEARING BY VIDEOCONFERENCE
JON SAFFER, REPRESENTING GREGORY GOODMAN AND APPEARING BY VIDEOCONFERENCE
CAITLIN WATTERS, REPRESENTING GREGORY GOODMAN AND APPEARING BY VIDEOCONFERENCE
GREGORY GOODMAN, APPEARING BY VIDEOCONFERENCE
ALAN NEWDELMAN, REPRESENTING ALAN D. NEWDELMAN, PC AND APPEARING BY VIDEOCONFERENCE
KEVIN BARRETT, REPRESENTING AUTO-OWNERS INSURANCE COMPANY AND APPEARING BY VIDEOCONFERENCE
ED BERNATAVICIUS, REPRESENTING THE U.S. TRUSTEE AND APPEARING BY VIDEOCONFERENCE
CAROLYN JOHNSEN, REPRESENTING JAMES AND SHEILA DILLER, SNAKEBRIDGE LLC, 821 7TH STREET LLC, AND 807 LLC, AND APPEARING BY VIDEOCONFERENCE
JAMES DILLER, 12 UNIVERSITY, LLC, APPEARING BY VIDEOCONFERENCE
MARCUS A. HINOJOSA, BUYER'S AGENT, APPEARING BY VIDEOCONFERENCE
MARCUS HINOJOSA, SMART MARKETING TEAM, LLC, APPEARING BY TELEPHONE
GABRIEL SILGUERRO, LISTING BROKER, APPEARING BY VIDEOCONFERENCE
BARRY MCNEES, PEPPER RICKHOUSE, LLC, APPEARING BY VIDEOCONFERENCE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...  4:20-BK-11567-BMW          WEDNESDAY, MARCH 09, 2022 11:00 AM

## *Proceedings:*

ITEM 1: DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY LOCATED AT 12 E. UNIVERSITY BLVD., TUCSON, AZ (CONT. FROM 03/01/22)

ITEM 2: MOTION TO CONVERT OR DISMISS CASE (SET ON THE COURT'S OWN MOTION AT HEARING HELD 01/19/22) (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22)

ITEM 3: MOTION FOR RELIEF FROM STAY FILED BY NEWREZ, LLC RE: REAL PROPERTY LOCATED AT 12 - 18 E. UNIVERSITY BLVD., TUCSON, AZ (CONT. FROM 01/19/22) (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22)

ITEM 4: DEBTOR'S MOTION FOR TURNOVER OF DOCUMENTS (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22)

### ITEM 1

Mr. McNees describes difficulties in trying to obtain information regarding the property. He began reaching out to the listing agent after the last hearing. Additionally, he and the local broker he retained were unable to access the property. As a result, Pepper Rickhouse, LLC is no longer interested in bidding.

Mr. McGuire reports that he was unaware of these issues until he received Mr. McNees' email this morning. Someone entered into the property and re-keyed all of the locks. He assumed it was NewRez, LLC, but Mr. McDonald has indicated that NewRez, LLC did not re-key the locks. The police were contacted and there is a pending investigation. The debtor was locked out of the property and unable to provide access to potential bidders.

Mr. Silguerro reports that Mr. McNees indicated that Mr. McNees was working with a broker, Patty Brown, but he was not contacted by Ms. Brown.

The Court states that it raised the issue because it is unclear whether Mr. McNees would be interested in bidding if he could access the property and had more time to gather information. This Court is not inclined to conduct the sale today if there is a question as to whether there may have been some misconduct in precluding an interested buyer from bidding.

Mr. Silguerro reports that he provided the same information to Mr. McNees that he provided to five other interested parties.

The Court asks if Mr. McNees was given access to the property to conduct an inspection.

Mr. Silguerro confirms that he was unable to provide Mr. McNees with access to the property. He does not have keys to the property.

Mr. McNees reports that he did not notify Mr. Silguerro that he would be using a broker until Sunday because he had not intended to use a broker at all. He left a few voicemail messages earlier in the week, but he did not receive a call back. He did receive some emails and one text. The last communication from Mr. Silguerro, at 4:41 p.m. on Saturday, indicated that Mr. Silguerro was waiting on information from the sellers and would reach out thereafter. He did not receive any additional communications from Mr. Silguerro. Patricia Brown reached out a few times on Saturday and Sunday because she had one of the intended occupants with her and they wanted to look at the property. No one answered the phone, and she did not receive any return calls.

The Court states that the Court raised the issue to bring it to everyone's attention. This Court is concerned about the objectivity and forthrightness with which this sale is proceeding. Should the sale go forward today or be continued?

Mr. McGuire reports that the state court funds have not been paid to Mr. Goodman yet. The cashier's check had to be reissued. Ms. Johnsen is about to take possession of the newly issued cashier's check.

Ms. Johnsen reports that she should have the newly issued cashier's check in hand today. The runner tried to pick it up from the bank this morning, but the pdf of the Declaration of Loss was not sufficient, so the runner is headed to Mr. Diller's home now to pick up the original Declaration of Loss and will then return to the bank and retrieve the check. The check will be deposited into her firm's trust account. Her firm will then issue a check in the amount of $350,000.00 to Mr. Saffer's client.

Mr. Saffer reports that his client is satisfied once Ms. Johnsen makes the representation that the funds have been deposited into her firm's trust account. He does not know if there will be a delay getting the funds to his firm's trust account. He will sign off an order approving the sale once the funds are in his firm's trust account.

**11:16 A.M.**
Mr. Bernatavicius reports that he is pleased that the parties are working together to get the state court funds to Mr. Goodman. He is very troubled about the communication that was received this morning regarding the unresponsiveness of the listing agent. He is also troubled by the lockout. There was a chilling of the bidding since Mr. McNees could not access the

property. Does the debtor have access to the property now? Would Mr. McNees be interested in bidding if the sale is continued?

Mr. McGuire reports that the debtor does have access to the property now.

Mr. McNees reports that his company is no longer interested in the property.

The Court asks if the parties would like to proceed with the sale today. Does Mr. Goodman consent to the sale proceeding today?

Mr. Saffer reports that his client consents to the sale as long as his client has § 363(k) rights. One option is that his client receives the $350,000.00 and then bids enough to pay for allowed administrative expenses and the unsecured claims of non-insiders. The second option is that his client does not receive the $350,000.00, receives credit for the total amount of the lien, and then pays a surcharge to the estate that would pay allowed administrative expenses and the unsecured claims of non-insiders.

Mr. McGuire reports that the debtor does not object to Mr. Saffer's client exercising his § 363(k) rights, but the proposal outlined goes beyond a § 363(k) bid. The Court can then consider the additional provisions as part of whether Mr. Goodman's offer is a higher and better offer. The debtor takes the position that Mr. Goodman's offer is not a higher and better offer.

The Court asks if there are any other interested bidders present today.

There are no interested bidders.

Mr. NewDelman states that there was discussion of bid high enough to cover allowed administrative expenses. The only allowed administrative expense right now is an old application for his firm. His firm has another application pending for approximately $59,000.00. Debtor's counsel has not yet filed a fee application. He is unsure as to whether a § 363(k) application will work for Mr. Goodman given that Mr. Goodman does not have a consensual lien. Mr. Goodman has a judgment lien that has been appealed. He is not sure of the status of the appeal.

The Court asks if the parties would like to set a continued hearing for March 15, 2022 and then the credit bid does not have to be addressed.

Mr. Saffer reports that the judgment was affirmed on appeal. His client wants a credit bid for

# Minute Entry

(continue)...    4:20-BK-11567-BMW            WEDNESDAY, MARCH 09, 2022 11:00 AM

any unpaid portion of the judgment.

Mr. Marcus A. Hinojosa reports that the buyer is ready to close within three days of the entry of the order. The buyer would prefer to complete the sale today but is willing to wait until March 15, 2022 if needed.

Mr. McGuire reports that March 15, 2022 is acceptable. The debtor would like to move forward today, but it may be prudent to wait until the $350,000.00 has been paid.

Mr. Saffer states that his client would like the sale to move forward. His client wants the opportunity to be a backup bid in the event the sale doesn't close. He suggests that the Court authorize the sale today and only enter an order once he has signed off on the order. He will not sign off on the order until the funds are in his firm's trust account.

Mr. McGuire agrees to the proposed procedure.

Ms. Johnsen states that her clients would like to go forward with the sale so that the debtor can proceed to a plan or dismissal etc.

The Court approves the proposed procedure and states that Debtor's counsel has represented that there will be a plan.

**11:34 A.M.**
Mr. McGuire summarizes the terms of the sale.

Discussion is held regarding the settlement statement and how long the debtor will have to vacate the property.

Mr. McGuire reports that his clients did not have access to the property for over one week and need time to remove personal property.

Mr. Marcus Hinojosa does not want the debtor on the property after the sale has closed.

The Court states that the buyer is not consenting to have the debtor remain on the property after the sale has closed. The debtor must be out of the property by closing in order for the buyer to move forward with this sale. Does the debtor agree to vacate the property prior to closing?

Mr. McGuire reports that the buyer will vacate the property prior to closing.

Mr. Marcus A. Hinojosa reports that the buyer is prepared to go forward with the sale as proposed on the record today.

COURT: THE SALE IS APPROVED WITH THE TERMS AND CONDITIONS AS SET FORTH ON THE RECORD TODAY. THE DEBTOR'S BROKER'S FEES ARE NOT TO BE PAID AT CLOSING. THE DEBTOR'S BROKER'S FEES ARE TO BE HELD IN ESCROW SUBJECT TO A REVIEW BY THE U.S. TRUSTEE OF THE CONDITIONS DISCUSSED AT THE BEGINNING OF THIS HEARING. EXCESS SALE PROCEEDS ARE TO BE HELD IN DEBTOR'S COUNSEL'S TRUST ACCOUNT PENDING FURTHER ORDER OF THIS COURT. MR. MCGUIRE IS TO PREPARE THE FORM OF ORDER. THE FORM OF ORDER IS TO BE CIRCULATED TO THE BUYER AND MR. SAFFER. THE BUYER AND MR. SAFFER ARE TO SIGN OFF ON THE FORM OF ORDER BEFORE THE ORDER IS LODGED FOR THE COURT'S CONSIDERATION. THE PARTIES ARE TO NOTIFY THE COURT'S LAW CLERK ONCE THE ORDER HAS BEEN LODGED. IF THE PARTIES NEED THE COURT TO HOLD OFF ON ENTERING THE ORDER FOR ANY REASON, THEN THAT IS TO BE COMMUNICATED TO THE COURT'S LAW CLERK.

Mr. McDonald reports that he spoke with his client and his client did not have anything to do with changing the locks.

Mr. Saffer clarifies that his client has an allowed secured claim, and his client is not waiving the unsecured claim.

**11:48 A.M.**
**ITEM 3**
Mr. McDonald reports that the motion for stay relief is resolved by the sale.

COURT: THIS MATTER IS VACATED SUBJECT TO CALL.

**ITEM 4**
Mr. McGuire requests a continued hearing regarding the motion for turnover.

COURT: A CONTINUED HEARING IS SET FOR TUESDAY APRIL 12, 2022 AT 10:15 A.M.


**SUBSEQUENT TO THE HEARING**
COURT: A CONTINUED HEARING REGARDING THE MOTION FOR TURNOVER IS SET FOR TUESDAY APRIL 12, 2022 AT 10:15 A.M. ANY INTERESTED PARTIES ARE TO APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS 161 750 4676 AND THE PASSCODE IS 076984.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)... 4:20-BK-11567-BMW     WEDNESDAY, MARCH 09, 2022 11:00 AM

CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM DEPUTY REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.