Kevin C. Barrett, State Bar No. 020104
Jennifer M. Bahling, State Bar No. 013260
**BARRETT & MATURA, P.C.**
8925 E. Pima Center Parkway, Suite 215
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5711
Email:   kbarrett@barrettmatura.com
            jbahling@barrettmatura.com

*Attorneys for Creditor*
*Auto-Owners Insurance Company*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>12 UNIVERSITY, LLC,<br><br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 4:20-bk-11567-BMW<br><br>**CREDITOR AUTO-OWNERS INSURANCE COMPANY'S RESPONSE IN SUPPORT OF PROOF OF CLAIM NO. 4 AND IN OPPOSITION TO DEBTOR'S OBJECTION**<br><br>(Assigned to Hon. Brenda M. Whinery) |

Creditor Auto-Owners Insurance Company ("Auto-Owners") responds in support of Proof of Claim No. 4 and in opposition to Debtor 12 University, LLC's ("Debtor") objection thereto (the "Objection") [Doc. No. 214] as follows:

**I.     BACKGROUND.**

　　**A.     The Policy and Auto-Owners' Proof of Claim.**

Auto-Owners issued a Dwelling Policy to Debtor (the "Policy"). The Policy provides Landlord Liability Coverage, subject to the terms and conditions of the Policy.

Auto-Owners filed Proof of Claim No. 4 (the "Claim") on December 28, 2020, approximately two months after Debtor filed its Chapter 11 Petition ("Petition") [Doc No. 1] and commenced this bankruptcy action (the "Bankruptcy"). Many of the facts underlying

the Claim appear in briefings of Debtor and Creditor Greg Goodman ("Goodman") in the Bankruptcy, as they are interconnected with the approximately fifteen-year chronology of events that has transpired between Goodman, Debtor, James Diller ("Mr. Diller"), and Sheila Diller (James Diller and Sheila Diller, collectively, the "Dillers") relating to the real property owned by the Debtor located at 12 East University Boulevard, Tucson, Arizona 85705 (the "Debtor Property") and Goodman's adjoining real property (the "Goodman Property"). Those events are also necessarily intertwined with Auto-Owners' Claim.

To wit, when the dispute resulted in Goodman's filing of the Underlying Lawsuit against Debtor and the Dillers (Auto-Owners' insureds), Auto-Owners paid **nine different attorneys** to defend Debtor and the Dillers. Each of those nine attorneys ultimately withdrew from the defense, and each withdrawal is directly attributed to difficulties arising from a complete lack of cooperation by Debtor and the Dillers. Auto-Owners is now involved in a separate suit with Debtor and the Dillers as a result of that Underlying Lawsuit.

**B.     The Underlying Lawsuit.**

In 2016, Goodman filed a lawsuit against Debtor and the Dillers captioned *Goodman v. 12 University, LLC, et al.*, in the Superior Court of Arizona, Pima County, Case No. C20163644 (the "Underlying Lawsuit"). The Underlying Lawsuit relates to the dispute involving the Debtor Property and the Goodman Property. Auto-Owners agreed to defend Debtor and the Dillers in the Underlying Lawsuit under a reservation of rights.

In the Underlying Lawsuit, Auto-Owners appointed, or attempted to appoint, multiple defense counsel for Debtor and the Dillers. Every attorney Auto-Owners appointed or attempted to appoint either declined the representation or accepted it and later moved to withdraw as counsel. The inability to find or keep counsel to represent Debtor and the Dillers was the direct result of the actions of Debtor and the Dillers, including but not limited to the making of unreasonable demands, their lack of cooperation with counsel, and continual conflicts of interest created by Debtor and the Dillers. As a result, Auto-Owners ultimately agreed to allow Debtor and the Dillers to select their own counsel at

Auto-Owners' expense. Each of those counsel also declined the representation or accepted it and later moved to withdraw as counsel.

The Underlying Lawsuit eventually proceeded to trial, resulting in a judgment against the Debtor and the Dillers for both compensatory and punitive damages.

### C. The Declaratory Action.

The conduct of the Debtor and the Dillers in the Underlying Lawsuit constituted a breach of the cooperation clause of the Policy. As a result, Auto-Owners filed a declaratory action against Debtor and the Dillers, captioned *Auto-Owners Insurance Company v. 12 University, LLC, et al.*, in the United States District Court for the District of Arizona, Case No. 4:18-cv-00497-TUC-CKJ (the "Declaratory Action"). That Action is the subject of the Proof of Claim.

In the Declaratory Action, Auto-Owners seeks a declaration that: (1) Auto-Owners no longer has a duty to defend Debtor and the Dillers in the Underlying Lawsuit due to the breach of cooperation; (2) the jury verdict/judgment in the Underlying Lawsuit does not consist of any damages covered by the Policy and, therefore, Auto-Owners has no duty to indemnify Debtor and the Dillers; and (3) Auto-Owners is entitled to reimbursement of the fees and costs expended on multiple defense counsel for the defense of the Debtor and the Dillers in the Underlying Lawsuit.

In the meantime, however, Auto-Owners continued to provide Debtor and the Dillers with a defense through the conclusion of the trial of the Underlying Lawsuit. That defense counsel also withdrew immediately upon the conclusion of the trial. Debtor and the Dillers then demanded that Auto-Owners file post-trial motions and an appeal on their behalf. Auto-Owners continued to advise Debtor and the Dillers that it would consider continuing a defense and posting a bond for appeal if Debtor and the Dillers could locate counsel without a conflict with Auto-Owners and provide Auto-Owners with information regarding such a defense and the basis for an appeal. Instead, Debtor and the Dillers retained the same counsel who was representing them in the Declaratory Action and then proceeded to file a Counterclaim against Auto-Owners for breach of contract and bad faith. The appeal was

unsuccessful, and that counsel has now withdrawn as well from both the Underlying Lawsuit (July 2021) and the Declaratory Action (August 2021). Said counsel was the **eleventh attorney** to have represented Debtor and the Dillers in the Underlying Lawsuit.

Due to the Bankruptcy, the Declaratory Action has been stayed in its entirety since October 20, 2020.

## II. LEGAL ARGUMENT.

### A. The Claim is Supported in Fact and Law and Should not be Disallowed Based on 11 U.S.C. § 502(b)(1).

The sole authority cited to support the Objection is 11 U.S.C. § 502(b)(1). 11 U.S.C. § 502 states, *inter alia*:

> **(a)** A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest …, objects.
> **(b)** Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>> **(1)** such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

The Objection misconstrues 11 U.S.C. § 502(b)(1), the Policy, and the Claim. The Objection also ignores Auto-Owners' allegations in the Declaratory Action and the findings of fact by this Court and other Courts relating to Debtor's and the Dillers' failure to cooperate or otherwise act in good faith in their dealings with their own counsel, other parties and their counsel, and the Courts.

None of the exceptions of 11 U.S.C. § 502(b)(1) listed above are applicable to the Objection, nor do they serve to disallow the Claim. The claims asserted by Auto-Owners in the Declaratory Action are based on the Policy and the facts surrounding Auto-Owners' payment for the cost of nine different defense counsel to defend Debtor and the Dillers in

4

Case 4:20-bk-11567-BMW    Doc 226    Filed 03/21/22    Entered 03/21/22 14:35:59    Desc
Main Document    Page 4 of 8

the Underlying Lawsuit. Auto-Owners' right to seek declarations relating to the parties' rights and obligations under the Policy and Auto-Owners' right to seek reimbursement under the Policy for its insureds' breach of cooperation are supported in both fact and law.

The Declaratory Action was filed more than two years before the Bankruptcy was filed. The Objection does not provide a single plausible ground to support its assertion that the Claim is without a basis. Moreover, the Objection's summary of the Declaratory Action, the claims brought by Auto-Owners in the Declaratory Action and the basis of Auto-Owners' Proof of Claim in the Bankruptcy is inaccurate and incomplete.

The Objection asserts (without any basis) that insurers "rarely" bring such an "aggressive" action against their insureds and claim that an insured has breached its duty to cooperate under an insurance policy. The Objection seems to erroneously argue that since this type of claim is seemingly "rare", it must have no merit. Such is not the case, however. Admittedly, this is not a typical situation. What is rare, however, is an insurer being forced to hire nine different attorneys in one case due to continuous withdrawals merited by the insured's own conduct in failing to cooperate with its own attorney or litigate in good faith, continuously creating conflicts with its own counsel, constantly berating and threatening counsel (and the Court) and refusing to adhere to the rules and Orders issued by the Court. As a result of that conduct, Auto-Owners was forced to continue to pay one attorney after another to review the case and get up to speed after each one of the prior attorneys had withdrawn. Auto-Owners continued to do so, even allowing Debtor and the Dillers to choose their own attorney at Auto-Owners' expense, until the trial of the Underlying Lawsuit was complete. Auto-Owners even offered to consider funding the insureds' appeal, but it was never provided with any legitimate basis for that appeal. Because of Debtor's and the Dillers' failure to cooperate and litigate the Underlying Lawsuit in good faith, it is certainly not unfathomable that the fees and costs expended by Auto-Owners added up to $200,000 over the span of multiple years. It is also not unreasonable for Auto-Owners to have filed the Declaratory Action to relieve itself of this continual defense burden, to seek the reimbursement of unnecessary costs warranted only by the insureds' own extreme

5

Case 4:20-bk-11567-BMW    Doc 226    Filed 03/21/22    Entered 03/21/22 14:35:59    Desc
Main Document    Page 5 of 8

behavior and to seek a declaration that the Judgment itself ultimately was not covered by the Policy.

Auto-Owners has a valid claim and should be allowed to assert it.

**B. Disallowing Auto-Owners' Claim and Allowing the Counterclaims of Debtor and the Dillers in the Declaratory Action to Continue would Yield an Inequitable Result.**

The term "claim" is defined in the broadest possible manner to encompass all rights to payment, including rights that are contingent, unmatured, disputed, or derived from rights to an equitable remedy. 11 U.S.C. § 101(5); In *re Pardee*, 218 B.R. 916, 930 (B.A.P. 9th Cir. 1998), *aff'd*, 193 F.3d 1083 (9th Cir. 1999). Auto-Owners has asserted a proper Claim in this matter. Moreover, disallowing the Claim and thereby extinguishing Auto-Owners' rights to further pursue its claims in the Declaratory Action would produce an inequitable result.[1] Through no fault of its own, Auto-Owners expended hundreds of thousands of dollars to defend Debtor and the Dillers while those parties abused the litigation process and forfeited their rights to a defense. Debtor now attempts to extinguish Auto-Owners' claim for relief while, at the same time, it plainly states that it intends to pursue claims against Auto-Owners upon the completion of the Bankruptcy arising from the same facts alleged in the Declaratory Action. Debtor's purported claims should not be permitted to survive the Bankruptcy while the claims of Auto-Owners are extinguished.

In several Bankruptcy filings, Debtor has reiterated its intention to pursue the Counterclaims in the Declaratory Action of Debtor and the Dillers against Auto-Owners. In fact, it recognizes such in the Objection itself. In addition, in the Debtor's Disclosure Statement in Support of Plan of Reorganization Dated September 15, 2021 [Doc. 130], Debtor states as follows:

- "… The Debtor's third-party claims and causes of action are collectively referred to as the "causes of Action" hereafter. The Debtor acknowledges that new special

---

[1] Notably, only Auto-Owners' claims against Debtor would be extinguished. Its claims against the Dillers personally would survive, as those are not part of this bankruptcy. However, Debtor is the actual insured under the Policy. In addition, the claims are necessarily intertwined, as the Dillers personally only have rights under the Policy in their capacity as the members/owners of the insured LLC.

6

counsel may need to be appointed to pursue the Causes of Action. Auto-Owners Insurance Company insured the Debtor and James and Sheila Diller (the "Counterclaimants") under a policy of insurance. The insurance policy included a duty to defend and indemnify certain covered claims brought against Counterclaimants in third-party actions … … Upon information and belief, Auto-Owners has incurred hundreds of thousands of dollars in defense costs … <u>Ultimately, Auto-Owners filed a complaint against Counterclaimants seeking a declaratory judgment regarding its obligations under the policy … Counterclaimants filed a counterclaim in the District Court Action against Auto-Owners for breach of contract and bad faith. Counterclaimants assert that Auto-Owners breached the terms of the parties' insurance policy, and the covenant of good faith and fair dealing … As a result, the Counterclaimants sustained significant damages … arising out of and relating to Auto-Owners' actions … Although the District Court Action is currently stayed due to the bankruptcy, the Debtor intends to pursue its claim against Auto-Owners and to use any net proceeds from its recovery in the District Court Action to fund the Plan …</u>" Doc. 130, pp. 6:15-9:11 (underline added).

- Listing the counterclaims as an asset: "The Debtor is a counterclaimant in lawsuit against Auto-Owners … The Debtor believes the value of the Auto-Owners District Court Action is no less than $200,000.00." Doc. 130, p.12:9-11.

- Listing the value of Auto-Owners Claim as $0.00 under "General Unsecured Claims." Doc. 130, p. 15:1-7.

- Preservation of Rights of Action: "The Debtor has identified various Causes of Action and the potentially liable parties in section 3.3, above. The Litigation and Causes of Action include, but are not limited to, the Auto-Owners Claims … Except as otherwise provided in the Plan or Confirmation Order, after the Effective Date, <u>the Reorganized Debtor shall have the exclusive right to institute, prosecute, abandon, settle, or compromise any Litigation or Causes of Action without further order of the Bankruptcy Court … Any net recoveries therefrom shall remain the property of the Reorganized Debtor</u> …" Doc. 130, pp. 24:1-26-2 (underline added).

Debtor has failed to explain on what basis Auto-Owners' claim should be denied (and potentially discharged) while at the same time allowing it to continue pursuing relief against Auto-Owners on its counterclaims. Such an inequitable result should not be allowed. Accordingly, the Objection should be overruled, Auto-Owners should be allowed to maintain its claim and/or the Declaratory Action should be excluded from any discharge order entered in this Bankruptcy so that it can be separately litigated once the stay is lifted.

**C. In the Alternative, This Court should Assume Jurisdiction over the Declaratory Action.**

"[I]t is long settled that bankruptcy courts are primarily courts of equity where actions involving the process of allowance and disallowance of claims or the restructuring

7

of the debtor-creditor relationship are "triable only in equity" …" *In re Hickman*, 384 B.R. 832, 836-37 (B.A.P. (9th Cir. 2008) (internal citations omitted).

Resolution of the Declaratory Action is crucial to an equitable result in and disposition of the Bankruptcy. Auto-Owners has a legitimate claim. At the same time, Debtor is pursuing claims it alleges are an integral part of this process. Therefore, this Court can also elect to allow the parties to litigate the affirmative claims of Auto-Owners and the counterclaims of Debtor and the Dillers on their merits as part of this process. This result would not only benefit Auto-Owners and Debtor, but all other interested parties in this Bankruptcy.

Accordingly, and as an alternative to excluding the Declaratory Action from any discharge order entered in the Bankruptcy and allowing it to proceed separately, Auto-Owners requests that this Court assume jurisdiction over the Declaratory Action so that all claims can be resolved as part of this process.

## III. CONCLUSION.

For the foregoing reasons, Auto-Owners respectfully submits the Objection should be overruled.

DATED this 21st day of March 2022.

                                        BARRETT & MATURA, P.C.

                                      By /s/ *Kevin C. Barrett*
                                            Kevin C. Barrett
                                            Jennifer M. Bahling
                                            8925 E. Pima Center Pkwy., Suite 215
                                            Scottsdale, AZ 85258
                                            *Attorneys for Creditor Auto-Owners*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ *Holly A. McGee*
Holly A. McGee