# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

## Hearing Information:

|   |   |
|---|---|
| **Debtor:** | 12 UNIVERSITY, LLC |
| **Case Number:** | 4:20-BK-11567-BMW  **Chapter:** 11 |
| **Date / Time / Room:** | TUESDAY, APRIL 12, 2022 10:15 AM   VIDEO CONF HRGS |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | REBECCA VOLZ |
| **Reporter / ECR:** | VIVIANA VANEGAS |

## Matters:

1) STATUS HEARING REGARDING THE CASE (SET ON THE COURT'S OWN MOTION)
   R / M #:   1 / 0

2) DEBTOR'S MOTION FOR TURNOVER OF DOCUMENTS (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22) (CONT. FROM 03/09/22)
   R / M #:   179 / 0

3) SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FOR ALAN D. NEWDELMAN, PC
   R / M #:   170 / 0

4) MOTION TO CONVERT OR DISMISS CASE (SET ON THE COURT'S OWN MOTION AT HEARING HELD 01/19/22) (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22) (CONT. FROM 03/09/22)
   R / M #:   185 / 0

## Appearances:

PERNELL MCGUIRE, REPRESENTING THE DEBTOR AND APPEARING BY VIDEOCONFERENCE
PRESTON GARDNER, REPRESENTING THE DEBTOR AND APPEARING BY VIDEOCONFERENCE
JON SAFFER, REPRESENTING GREGORY GOODMAN AND APPEARING BY VIDEOCONFERENCE
ALAN NEWDELMAN, REPRESENTING ALAN NEWDELMAN, PC AND APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING SHELLPOINT MORTGAGE SERVICING AND APPEARING BY VIDEOCONFERENCE
PHILIP NATHANSON, REPRESENTING NATHANSON LAW FIRM AND APPEARING BY VIDEOCONFERENCE
KEVIN BARRETT, REPRESENTING AUTO-OWNERS INSURANCE COMPANY AND APPEARING BY VIDEOCONFERENCE
ED BERNATAVICIUS, REPRESENTING THE U.S. TRUSTEE AND APPEARING BY VIDEOCONFERENCE
CAROLYN JOHNSEN, REPRESENTING JAMES AND SHEILA DILLER, SNAKEBRIDGE LLC, 821 7TH STREET LLC, AND 807 LLC, AND APPEARING BY TELEPHONE
JAMES DILLER, 12 UNIVERSITY, LLC, APPEARING BY VIDEOCONFERENCE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
## Minute Entry

(continue)...    4:20-BK-11567-BMW        TUESDAY, APRIL 12, 2022 10:15 AM

## *Proceedings:*

ITEM 1: STATUS HEARING REGARDING THE CASE (SET ON THE COURT'S OWN MOTION)

ITEM 2: DEBTOR'S MOTION FOR TURNOVER OF DOCUMENTS (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22) (CONT. FROM 03/09/22)

ITEM 3: SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FOR ALAN D. NEWDELMAN, PC

ITEM 4: MOTION TO CONVERT OR DISMISS CASE (SET ON THE COURT'S OWN MOTION AT HEARING HELD 01/19/22) (RESCHEDULED FROM 02/08/22) (CONT. FROM 02/15/22) (CONT. FROM 03/01/22) (CONT. FROM 03/09/22)

**ITEM 1 AND ITEM 4**
Mr. Diller reports that the debtor will be terminating Pernell McGuire and Preston Gardner.

The Court states that no order has been entered. There is no motion to withdraw pending. What is the status of the sale?

Mr. McGuire reports that the sale closed on April 1, 2022. All of the lienholders and other parties were paid as set forth in the motion except for the seller's broker. He is currently holding net proceeds in the amount of $288,178.36 in his trust account. The $288,178.36 includes the seller's broker's commission.

The Court asks about the case going forward. How does the debtor intend to proceed?

Mr. McGuire reports that it depends upon whether he is involved in this case going forward. He had intended to have a liquidating plan that provides for the distribution of the remaining assets on file very shortly.

The Court states that the parties had discussed filing a plan at previous hearings. The Court was prepared to set a bar date for getting the plan on file. Alternatively, the motion to convert or dismiss is still pending. This Court is not inclined to dismiss for obvious reasons.

Mr. McGuire argues that conversion is not in the best interest of creditors. He had intended to have the liquidating plan on file within the next two weeks.

Mr. McDonald reports that his client has been paid in full and no longer has an interest in this case.

Mr. Saffer reports that his client's allowed, secured claim has been paid in full via sale proceeds and contributions from Mr. Diller's other entities. His client is seeking to add certain amounts to the allowed claim in this case. There is an application for attorney's fees pending in Arizona appellate court that was stayed by the filing of this bankruptcy. He may be filing a motion for relief from stay in order to pursue that application. Additionally, he intends to file an application for an administrative claim. It is unclear how this case will proceed. Hopefully, the debtor will continue to be represented by Mr. McGuire and file the liquidating plan. If not, conversion is appropriate.

Mr. NewDelman requests that Mr. McGuire file the report of sale.

Mr. McGuire states that he is waiting for a revised settlement statement. The report of sale should be filed this week.

Mr. Bernatavicius states that it is unfortunate that Mr. Diller wishes to terminate Debtor's counsel since this case is so close to the finish line. He and Mr. McGuire discussed a liquidating plan with a liquidating trustee, and he supported that course of action. If Debtor's counsel is terminated, then there is a corporate entity proceeding in bankruptcy without an attorney. It is unlikely that the debtor will be able to retain new counsel given that the debtor has already terminated two firms during the pendency of this case. Given the circumstances of this case, conversion is appropriate because the sale has closed, and funds are being held pending distribution. He investigated the circumstances regarding the limited access to the property and the seller's broker as the Court instructed at the previous hearing. He is prepared to make a report now, preserve it for a later hearing, or file a written report.

The Court states that there will be no disbursement at this time given the uncertainty. Mr. Bernatavicius can report at a later hearing or file a report, whichever is his preference.

Mr. Bernatavicius states that he will preserve it for now. He will file a report later if needed.

COURT: THE ISSUE REGARDING THE SELLER'S BROKER'S COMMISSION WILL BE HELD IN ABEYANCE.

Ms. Johnsen states that she has not spoken with her clients regarding the termination of counsel. From a purely legal perspective, the liquidating plan makes a great deal of sense. She believes the liquidating plan is in the best interests of all parties and creditors. She requests that the Court set a date certain for the plan to be filed. She hopes that the parties can work out a resolution if given a little time to regroup.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 4:20-BK-11567-BMW      TUESDAY, APRIL 12, 2022 10:15 AM

COURT: THE REPORT OF SALE, WITH THE FINAL SETTLEMENT STATEMENT, IS TO BE ON FILE BY THE DEADLINE. THE COURT PREFERS FOR THE REPORT OF SALE TO BE ON FILE BY THE END OF THIS WEEK (ON OR BEFORE APRIL 15, 2022). THE REPORT OF SALE IS TO INCLUDE THE AMOUNT CURRENTLY BEING HELD IN DEBTOR'S COUNSEL'S TRUST ACCOUNT. THE DISCLOSURE STATEMENT AND LIQUIDATING PLAN ARE TO BE ON FILE WITHIN TWO WEEKS (ON OR BEFORE APRIL 26, 2022). HEARINGS WILL BE SET AS NEEDED THEREAFTER. IF THE DISCLOSURE STATEMENT AND PLAN ARE NOT ON FILE BY THE DEADLINE, THEN THIS CASE WILL BE IMMEDIATELY CONVERTED TO CHAPTER 7.

**ITEM 2**

Mr. McGuire states that there is a dispute as to whether the documents have been produced. Mr. Nathanson filed a declaration this morning indicating that the documents have been turned over. His client's principal is adamant that there are documents on thumb drives, some emails, and paper copies of documents that have not been turned over. Additionally, Mr. Nathanson has agreed to turn over billing statements and those statements have not yet been provided. He requests that the Court enter an order requiring Mr. Nathanson to turn over all billing statements and documents related to his representation of the debtor within 14 days.

Mr. Nathanson states that he does not object to the entry of that order. He previously sent all of the computer files to Mr. McGuire via Dropbox. He has not been able to locate the six banker boxes of documents from previous counsel that Mr. Diller believes are in his possession. If he is able to locate the banker boxes, then they will be turned over.

COURT: MR. MCGUIRE IS DRAFT A FORM OF ORDER AND HAVE MR. NATHANSON APPROVE THE FORM OF ORDER BEFORE IT IS LODGED FOR THE COURT'S CONSIDERATION. THE PARTIES ARE TO NOTIFY THE COURT'S LAW CLERK AFTER THE ORDER HAS BEEN LODGED.

The Court asks if a continued hearing date is needed.

Mr. McGuire requests a continued hearing.

COURT: A CONTINUED HEARING REGARDING THE DEBTOR'S MOTION FOR TURNOVER IS SET FOR THURSDAY JUNE 9, 2022 AT 10:15 A.M.

**ITEM 3**

Mr. NewDelman states that the objection is too general for a response. The objection states that the fees are unreasonable, but no line items have been identified as unreasonable. He requests that the Court overrule the objection and approve the fee application or take this

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 4:20-BK-11567-BMW    TUESDAY, APRIL 12, 2022 10:15 AM

matter under advisement.

Mr. McGuire agrees that the original objection is generic. The objection did indicate some deficiencies and areas where the billing is excessive given Mr. NewDelman's role in this case. Additionally, some payments were not properly credited. It is his understanding that those payments have now been credited so the total amount sought by Mr. NewDelman at this time is actually lower than the amount set forth in the application. He requests an opportunity to supplement the objection. The Court can either set a hearing for oral argument or take the matter under advisement after Mr. NewDelamn has filed his reply. Evidence is not needed.

Mr. NewDelamn agrees to the procedures set forth by Mr. McGuire. He agrees that evidence is not needed.

The Court states that this matter requires evidence or detailed objections to specific time entries in order for the Court to determine reasonableness. The total amount sought must also be clarified before the Court considers this matter.

COURT: MR. NEWDELMAN IS TO SUPPLEMENT THE FEE APPLICATION TO SET FORTH THE TOTAL AMOUNT BEING SOUGHT OR SET FORTH THE TOTAL AMOUNT BEING SOUGHT IN HIS REPLY. DEBTOR'S COUNSEL IS TO SUPPLEMENT THE OBJECTION WITHIN FOUR WEEKS (ON OR BEFORE MAY 10, 2022). MR. NEWDELMAN IS TO FILE HIS REPLY WITHIN TWO WEEKS THEREAFTER (ON OR BEFORE MAY 24, 2022). A CONTINUED HEARING IS SET FOR THURSDAY JUNE 9, 2022 AT 10:15 A.M.

Mr. NewDelman asks about the procedure if this case converts to Chapter 7.

The Court states that the trustee will have to weigh in on this matter if the case converts. If the case converts, then dates will be adjusted, and hearings will be set as needed.

**ITEM 1**
Mr. McGuire states that he will provide the amount currently being held in his firm's trust account in the report of sale.

COURT: THE FUNDS CURRENTLY HELD IN MR. MCGUIRE'S TRUST ACCOUNT ARE TO REMAIN IN MR. MCGUIRE'S TRUST ACCOUNT PENDING FURTHER COURT ORDER.

Mr. McGuire requests that the Court set the Motion for a New Trial/Motion to Amend Order at Dkt. 193 for hearing.

(continue)...    4:20-BK-11567-BMW            TUESDAY, APRIL 12, 2022 10:15 AM

Mr. Saffer states that he believed that this case might be converted which is why he has not yet requested a hearing. He does not object to setting the hearing.

COURT: THE MOTION FOR A NEW TRIAL/MOTION TO AMEND ORDER AT DKT. 193 IS SET FOR HEARING ON THURSDAY JUNE 9, 2022 AT 10:15 A.M. MR. SAFFER IS TO NOTICE OUT THE HEARING. ANY RESPONSES ARE TO BE ON FILE NO LATER THAN TWO WEEKS PRIOR TO THE HEARING (ON OR BEFORE MAY 26, 2022).

Mr. McGuire states that he had no prior notice of Mr. Diller's desire to terminate his firm's representation. If Mr. Diller terminates his firm's representation of the debtor, then he will be filing an emergency motion to withdraw.

The Court states that hearings will be set as needed.

**SUBSEQUENT TO THE HEARING**
COURT: A CONTINUED HEARING REGARDING THE MOTION FOR TURNOVER OF DOCUMENTS, THE SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FOR ALAN D. NEWDELMAN, PC, AND THE MOTION TO CONVERT OR DISMISS IS SET FOR THURSDAY JUNE 9, 2022 AT 10:15 A.M. THE MOTION FOR A NEW TRIAL/MOTION TO AMEND ORDER AT DKT. 193 IS SET FOR THE SAME DATE AND TIME. ANY INTERESTED PARTIES ARE TO APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS 160 493 6426 AND THE PASSCODE IS 807886. CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM DEPUTY REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.