ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

EDWARD K. BERNATAVICIUS (#024174)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Phone (602) 682-2608
FAX (602) 514-7270
E-mail: Edward.K.Bernatavicus@usdoj.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | ) In Proceedings under Chapter 7 |
| | ) |
| 12 UNIVERSITY, LLC | ) Case No. 4:20-bk-11567-BMW |
| | ) |
| Debtor. | ) UNITED STATES TRUSTEE'S |
| | ) MOTION TO APPROVE STIPUATED |
| | ) ORDER REDUCING REAL ESTATE |
| | ) BROKER'S COMMISSION |
| | ) |
| | ) **Date:** June 9, 2022 |
| | ) |
| | ) **Time:** 10:15 am |
| | ) |
| | ) **Location:** Videoconference |
| | ) |
| | ) |

The United States Trustee for the District of Arizona (the "UST"), in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), hereby respectfully moves this Court to enter an order Approving the United States Trustee's Stipulated Order Reducing the Real Estate Commission of Righteous Realty, LLC, through its designated Broker, Gabriel Silguero ("Righteous Realty", "Silguero" or "Broker") from $18,600 to $12,400.

This motion is supported by the entire record of this case and the grounds more specifically set forth in the attached Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 25th day of May 2022.
ILENE J. LASHINSKY
United States Trustee
District of Arizona

/s/ EKB (#024174)
EDWARD K. BERNATAVICIUS
Trial Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. FACTUAL BACKGROUND**

1. 12 University, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 19, 2020.

2. On December 9, 2021, the Court entered a Stipulated Order approving Righteous Realty as Real Estate Broker for the Debtor. The Stipulated Order provided that the Broker was only entitled to a commission upon sale of the Debtor's real property by the Broker during listing agreement period. Id. page 1, lines 23-25. The Stipulated Order further provides that the Broker's commission was subject to final approval of the Court (page 2, lines 11-12), that approval of employment of a professional person does not automatically approve any fee arrangement set forth in the application (lines 13-14) and that this Court has jurisdiction over any fee awards or other disputes relating to this agreement (Lines 21-22).

3. On March 9, 2022, the Court held a continued hearing on Debtor's Motion to Approve Sale of Real Property located at 12 E. University Blvd, Tucson, AZ ("Sale Motion"). Dkt. # 224.

4. At the Sale Motion hearing, Barry McNees of Pepper Rickhouse, LLC, a potential bidder to the real property, raised issues regarding lack of access to the property to conduct due diligence and place a bid on the property. The Court offered to continue the sale and order access of the property to McNees, but Mr. McNees declined, and stated Pepper Rickhouse was no longer interested in bidding on the property.

5. The Court ultimately approved the sale but ordered that the Broker's commission owed to Righteous Realty in the amount of $18,600 was to be held in escrow pending review by the UST of the conditions and issues that may have resulted in a chilling effect on the sale process of the real property.

6. Undersigned counsel for the UST conducted a full and independent review of the issues raised at the sale hearing. The UST spoke with and obtained documents from: 1) Gabriel Silguero of Righteous Realty; 2) Pernell McGuire, former counsel to the Debtor and 3) Barry McNees of Pepper Rickhouse.

7. Through the review, undersigned counsel identified the following issues that, the UST believes had a problematic, if not chilling effect, on the sale process for, at least, Mr. McNees and Pepper Rickhouse:

a. **Contradicting requirements to bid on the property**. There were no bid procedures or requirements to be a qualified bidder requested by the Debtor or ordered by the Court in conjunction with the sale of real property. On March 2, 2022, Debtor's former counsel, Pernell McGuire, confirmed to Mr. McNees that there were no pre-qualifications to bid on the real property. However, on March 3, 2022, the Broker sent Mr. McNees separate and contradictory correspondence advising him that a fully executed asset purchase agreement was

required by March 8, 2022. The UST believes the Broker was incorrect in this unilateral pre-bid qualification and, according to Mr. McNees, presented an immediate red flag to the sale process.

      b.    **Access to the property**. Broker, Mr. Silguero, concedes that at no time did he have keys to the property. He is not aware of a lock box being attached to the property. If a potential buyer wanted access to the property, it could only be scheduled and coordinated through and with consent of the property's owner. The UST believes this was problematic and was chilling to Mr. McNees, and any other potential bidder, in attempting to view the property and complete due diligence before deciding to bid at the March 9th sale.

      Mr. McNees requested to view the property the weekend prior to the March 9th sale. Mr. McNees advised Mr. Silguero that he had a local real estate agent, Patti Brown, who was attempting to reach out to Mr. Silguero to set up a showing.[1] There is a "he said/she said" dispute as to whether Ms. Brown ever contacted Mr. Silguero. The UST cannot resolve this dispute and believes it is irrelevant because Mr. Silguero concedes he never requested Ms. Brown's contact information or attempted to contact Ms. Brown to set up a showing to attempt to solidify another bidder on the property.[2]

      8.    At the conclusion of the UST review, undersigned counsel came to the following conclusions:

---

[1] While Mr. McNees was located out of state, he had family that was attending school in Tucson. McNees was looking for a property for the family member to reside while attending school. Ms. Brown was setting up multiple showings the weekend of March 5th and 6th.

[2] Mr. Silguero represents that once he was advised on Sunday March 6th by Mr. McNees that he was working with local real estate agent, Patti Brown, he was prohibited from dealing directly with Mr. McNees. Mr. McNees maintains that Ms. Brown attempted to contact Mr. Silguero by phone, while Mr. Silguero maintains he never received any phone calls or contact from Ms. Brown. Regardless, Mr. Silguero concedes he made no attempt to obtain Ms. Brown's contact information or contact her.

a. That problems occurred with the sale process, in particular with the interactions surrounding Mr. McNees that led to Mr. McNees dropping out of the sale process.

b. These problems necessitated a partial reduction in the amount of commission owed to the Broker, Righteous Realty, through its designated broker, Gabriel Silguero.

c. The amount of reduction of the commission was mitigated by the fact that while problems occurred with the sale process, the UST does not believe Broker acted with any bad intent, Mr. Silguero was cooperative throughout the entire review process and was eager to resolve any outstanding issues. Lastly, the Court offered Mr. McNees to continue the sale of the real property and order access to property which would have rectified any chilling effect on the sale process, but Mr. McNees declined and decided not to further participate in the sale of the real property.

9. Based on the above the UST and Gabriel Silguero have resolved the amount of commission owed via a Stipulated Order for the Court's approval (<u>attached as Exhibit A</u>) and agree and Stipulate that the Broker's commission is to be reduced from $18,600 to $12,400 under the facts of this case.

B. **LEGAL ANALYSIS**

The Ninth Circuit has held that real estate brokers are required to be employed by the bankruptcy estate pursuant to 11 U.S.C. §327(a) in order to be compensated from property of the estate. *In re Haley*, 950 Fd. 588 (9th Cir. 1991). In its holding the Court wrote:

"Under the regime Section 327 establishes, the bankruptcy court controls the payment of any commission to Land West. Control by the bankruptcy court is necessary to enable the court to contain the estate's expenses and avoid intervention by unnecessary participants." Id. at 590.

Righteous Realty, LLC, through its designated broker, Gabriel Silguero, was employed pursuant to 11 U.S.C. §§ 327, 330 & 331 under the December 9, 2021, Stipulated Order. Further, as discussed above, The December 9th Stipulated Order provides that the Broker's commission was subject to final approval of the Court, that approval of employment of a professional person does not automatically approve any fee arrangement set forth in the application, and that this Court has jurisdiction over any fee awards or other disputes relating to this agreement.

The Court held back payment of Broker's commission based on concerns that potentially impacted the sale process in the case. The UST has reviewed all issues and deemed the attached Stipulated Order which reduces the Broker's commission from $18,600 to $12,400 to be a reasonable and appropriate resolution of matter under the circumstances of this case. The Court has the discretion the approve the Stipulated Order and the reduction of the Broker's commission contained within pursuant to sections 327, 330 and 331. The UST requests that the Court approve the Stipulated Order.

WHEREFORE, the UST respectfully requests that this Court grant this motion and approve the attached Stipulated Order which would allow for a reduced commission owed to the Debtor's Broker's, Righteous Realty, LLC, through its designated broker, Gabriel Silguero, in the amount of $12,400.

RESPECTFULLY SUBMITTED this 25th day of May 2022.

    ILENE J. LASHINSKY
    United States Trustee
    District of Arizona
    /s/ Edward K. Bernatavicius
    EDWARD K. BERNATAVICIUS
    Trial Attorney

Copy of the foregoing e-mailed
and May 25, 2022, to:

**TRUDY A. NOWAK**
PMB #618
8050 N 19TH AVE
PHOENIX, AZ 85021
480-759-0524
tnowak@bklaws.com
Chapter 7 Trustee

JOHN C SMITH
c/o Smith and Smith PLLC
6720 E. Camino Principal #203
TUCSON, AZ 85715
520-722-1605
Fax : 520-844-8070
Email: john@smithandsmithpllc.com
Attorney for Chapter 7 Trustee

12 UNIVERSITY, LLC
c/o James Diller
PO BOX 40367
TUCSON, AZ 85717
E-mail: 2dcmtuscon@cox.net

| | |
|---|---|
| 1 | |
| 2 | Rusing Lopez & Lizardi, P.L.L.C. |
| 3 | 6363 North Swan Road, Suite 151<br>Tucson, Arizona 85718 |
| 4 | Telephone: (520) 792-4800<br>jsaffer@rllaz.com |
| 5 | Attorneys for Creditor Greg Goodman |
| 6 | |
| 7 | Alan D. NewDelman<br>ALAN D. NEWDELMAN, P.C. |
| 8 | 80 East Columbus Avenue<br>Phoenix, Arizona 85012 |
| 9 | anewdelman@adnlaw.net |
| 10 | Administrative Creditor |
| 11 | Kevin C. Barrett |
| 12 | Jennifer M. Bahling<br>Barrett & Matura, P.C. |
| 13 | 8925 E. Pima Center Pkwy, Ste. 215<br>Scottsdale, AZ 85258 |
| 14 | kbarrett@barrettmatura.com |
| 15 | jbahling@barrettmatura.com<br>*Attorneys for Auto-Owners Insurance Co.* |