**Davis Miles McGuire Gardner**

40 E. Rio Salado Pkwy., Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
M. Preston Gardner – SBN 029868
*Attorneys for Davis Miles McGuire Gardner, PLLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| In re:<br><br>12 UNIVERSITY, LLC<br><br>Debtor. | Chapter 7<br><br>Case No.: 4:20-bk-11567-BMW<br><br>**FIRST AND FINAL APPLICATION OF DAVIS MILES MCGUIRE GARDNER, PLLC FOR PAYMENT OF ATTORNEY'S FEES AND COSTS** |
|---|---|

Davis Miles McGuire Gardner, PLLC (the "Firm"), former counsel for 12 University, LLC (the "Debtor"), pursuant to 11 U.S.C. §§ 330, 331, and Rule 2016 of the Federal Rules of Bankruptcy Procedure, hereby its *First and Final Application for Payment of Attorneys' Fees And Costs* (the "Application") and moves the Court for an Order approving its reasonable compensation for professional services rendered on behalf of the Debtor and reimbursement of actual and necessary expenses incurred for the time period commencing August 25, 2021 through April 13, 2022 (the "Application Period").

1

In support of this Application, the Firm has separately filed a *Summary of First and Final Fee Application*. In addition, the Firm's billing statements covering the Application Period are attached as **Exhibit "A"** hereto; and a spreadsheet showing the breakdown of fees by professional and task code is attached as **Exhibit "B"** hereto. In further support of the Application, the Firm respectfully states the following:

I. **NARRATION**

    A. **JURISDICTION**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B. **CASE STATUS AND BACKGROUND**

1. On October 19, 2020, the Debtor commenced this case by filing a voluntary Chapter 11 petition [Dkt. # 1].

2. On August 25, 2021, the Firm filed an application for employment as Chapter 11 counsel for the Debtor [Dkt. #118].

3. On August 31, 2021, the Court entered an Order approving the Firm's employment as Chapter 11 counsel for the Debtor [Dkt. #126].

4. On March 17, 2022, the Court signed an Order approving the sale of the Debtor's real property [Dkt. #225]. Pursuant to the Report of Sale filed by the Firm on April

22, 2022 [Dkt. #246], upon closing of the sale the Firm received net proceeds in the amount of $264,578.36 and such funds were held in trust on behalf of the Debtor.

5. On April 20, 2022, the Court signed an Order granting the Firm's withdrawal as Chapter 11 counsel for the Debtor [Dkt. #243].

6. On April 20, 2022, the Court signed an Order converting this case to Chapter 7 [Dkt. #244].

7. On or about May 12, 2022, the Firm transferred the net sale proceeds in the amount of $264,578.36 to the Chapter 7 trustee.

8. This Application is the Firm's first and final application for payment of attorneys' fees and costs incurred on behalf of the Debtor.

9. All services and expenses for which compensation and/or reimbursement is sought were expended on behalf of the Debtor prior to conversion to Chapter 7.

10. The requested compensation and reimbursement is sought pursuant to 11 U.S.C. §§ 330, 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Guidelines of the Office of the United States Trustee for the District of Arizona.

11. The Firm agreed to handle this matter on an hourly basis based on standard hourly rates in effect at the time the services are rendered in accord with its fee agreement. Below is information regarding the names of the Firm's attorneys and paralegals who have rendered services during the Application Period for which compensation is requested and the hourly rate charged for each.

3

| Provider | Hourly Rate |
|---|---|
| Pernell W. McGuire | $440.00 |
| M. Preston Gardner | $380.00 |
| Jackie McAferty | $265.00 |
| Joan E. Stoner | $156.00 |
| Kristin Lienhard | $156.00 |
| Ally Lytle | $120.00 |

The rates charged by the above-named attorneys and paralegals in this matter are the standard rates that the Firm charges non-bankruptcy clients.

12. On August 25, 2021, the Firm received a retainer payment in the amount of $5,000.00, which was paid by the Debtor's principal, James L. Diller. The Firm currently holds $5,000.00 in trust for the Debtor.

13. The Firm has no arrangement with any entity other than the Debtor to pay the Firm for the services rendered and the expenses expended on behalf of the Debtor. The Firm has not received any funds from any entity other than the Debtor for the services it has rendered on behalf of the estate.

14. The fees requested are for services actually rendered and the expenses for which reimbursement is requested have actually been expended in connection with the Debtor's Chapter 11 case. The Firm's records pertaining to them are true and accurate.

15. Pursuant to 11 U.S.C. § 503(b), the Firm is entitled to payment from the estate because the Firm's services and expenditures have been reasonable and necessary to preserve the property of the estate and have been for the benefit of the estate. Counsel has been necessary for the Debtor to protect its assets and pursue reorganization. As former counsel for

4

the Debtor, the Firm has been diligent in its efforts to preserve the estate and to protect the interests of creditors. Such efforts have included, without limitation, the following:

      a.      Provide legal advice to the Debtor as to the rights, duties and powers of the client as debtor in possession in a Chapter 11 case, and as to other matters arising in or related to the Chapter 11 case;

      b.      Review and consultation with the Debtor regarding various case administration matters;

      c.      Review and analysis of and consultation with the Debtor, including contested matters and negotiation with creditors regarding stay relief and adequate protection issues;

      d.      Review and analysis of and consultation with the Debtor regarding disposition of assets, including the preparation of motions and attendance at hearings regarding the sale of the Debtor's real property;

      e.      Review and analysis of and consultation with the Debtor regarding reorganization strategy in preparation of a plan of reorganization;

      f.      Consultation with the Debtor and preparation of employment applications and related employment orders;

      g.      Preparation and filing of a Chapter 11 plan and disclosure statement, and preparation of an amended disclosure statement, including supporting exhibits; and

h. Review and analysis of and consultation with the Debtor regarding various litigation issues, including ongoing actions in the U.S. District Court and Pima County Superior Court that could have affected property of the estate or the Debtor's ability to funds a plan of reorganization; and preparation and filing of an adversary complaint and request for temporary restraining order to prevent third party collections.

Without limitation, the Firm assisted the Debtor with the outline, refinement, and strategy for a plan to restructure the Debtor's financial obligations and extensive litigation related to the estate. The Firm submits this Application as its request for payment and as proof of its administrative claim for legal services and expenses advanced in this matter as an administrative expense of the bankruptcy estate.

16. This Application reflects the final accrued and unpaid professional fees owing to the Firm through April 13, 2022. Now that the case has been converted to Chapter 7, the Firm believes there will be sufficient funds with which to satisfy outstanding professional fees and administrative expenses due as administrative expenses from the funds held by the Chapter 7 trustee.

**D. SUMMARY OF LEGAL SERVICES PERFORMED BY PROJECT**

The Firm has made diligent efforts to prepare this Application in strict compliance with the U.S. Trustee Guidelines, reflecting a categorization of specific tasks. During the Application Period covering August 25, 2021 through April 13, 2022, the Firm performed services for the Debtor, and the actual hours expended, services performed, rates charged,

and fees incurred are detailed in the attached exhibits. A narrative summary of the Firm's fees by professional and task category is as follows:

### 1. **Case Administration**

The Firm performed numerous miscellaneous activities relating to the administration of this bankruptcy estate. Such activities included, without limitation, consultation with the Debtor and preparation and revision of monthly operating reports; correspondence and telephone conversations with creditors, the Office of the U.S. Trustee, and the Debtor regarding the status of the bankruptcy case, including various deadlines, and a motion to dismiss or convert the case to Chapter 7; review of various pleadings, statements of position from creditors and other bankruptcy-related documents and attend hearings regarding same; coordinate service of pleadings and Court filings upon creditors and interested parties; and preparation and filing of miscellaneous pleadings on behalf of the Debtor, among other tasks. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| Pernell W. McGuire | $440 x 6.6 hours = | $ 2,881.50 |
| M. Preston Gardner | $380 x 43.8 hours = | $ 16,160.00 |
| Jackie McAferty | $265 x 1.7 hours = | $ 450.50 |
| Kristin Lienhard | $150 x 0.1 hours = | $ 15.60 |
| Joan E. Stoner | $156 x 21.5 hours = | $ 3,354.00 |
| Ally Lytle | $120 x 2.1 hours = | $ 252.00 |

**Total Admin (B110)**                                                  **$23,113.60**

### 2. **Asset Analysis and Disposition**

The Firm performed activities relating to asset analysis, potential recovery, and asset disposition.Such activities included, without limitation, preparation and revision of a motion to

approve the sale of the Debtor's real property, motion for accelerated hearing on the sale motion, review of objection filed by UST and creditors, attendance at hearings, and related transactional work regarding the sale of real property. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| Pernell W. McGuire | $440 x 19.1 hours = | $ 8,396.50 |
| M. Preston Gardner | $380 x 10.6 hours = | $ 3,986.00 |

**Total Asset Disposition (B130)**      **$ 12,382.50**

### 3. <u>Relief from Stay/Adequate Protection Proceedings</u>

The Firm performed work related to the review, analysis, and response to stay relief motions; consultations with the Debtor regarding stay relief and adequate protection issues; attendance at stay relief hearings; and communications and negotiations with creditors regarding resolution and settlement of motions for relief from stay and requests for adequate protection payments. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| M. Preston Gardner | $380 x 8.8 hours = | $ 3,206.00 |

**Total Stay Relief/Adequate Protection (B140)**      **$ 3,206.00**

### 4. <u>Employment/Fee Applications</u>

The Firm's efforts in this category consisted of the preparation and filing of an application to employ the Firm as counsel for the Debtor; communications with the Debtor, the Office of the U.S. Trustee, and real estate broker and architect regarding professional

8

employment; and preparation of this first fee application prior to withdrawal as counsel. The following represents the total time expended by the Firm in this area:

    M. Preston Gardner    $380 x 15.4 hours =     $ 5,704.00

**Total Employment/Fee Applications (B160)**    **$ 5,704.00**

### 5. Employment/Fee Objections

The Firm's efforts in this category consisted of the review of applications for payment of administrative expenses and preparation of objections to applications filed by former counsel; communications with the Debtor, the Office of the U.S. Trustee, and real estate broker and architect regarding professional employment; and preparation for and attendance at hearings related to objections to employment applications. The following represents the total time expended by the Firm in this area:

    M. Preston Gardner    $380 x 5.5 hours =     $ 1,980.00

**Total Employment/Fee Objections (B170)**    **$ 1,980.00**

### 6. Assumption/Rejection of Leases and Contracts

The Firm's efforts in this category consisted of communications with the Debtor regarding lease termination issues. The following represents the total time expended by the Firm in this area:

    Pernell W. McGuire    $440 x 0.8 hours =     $ 352.00
    M. Preston Gardner    $380 x 0.6 hours =     $ 222.00

**Total Leases and Contracts (B185)**    **$ 574.00**

### 7. Litigation/Other Contested Matters

The Firm's efforts in this category consisted analysis and consultation with the Debtor regarding various contested matters and litigation issues, including pending actions in the U.S. District Court and Pima County Superior Court affecting property of the estate and/or the Debtor's ability to funds a plan of reorganization; and preparation and filing of an adversary complaint and request for temporary restraining order to prevent collection efforts by creditor Greg Goodman. The following represents the total time expended by the Firm in this area:

| | | |
|---|---|---|
| Pernell W. McGuire | $440 x 15.4 hours = | $ 6,735.50 |
| M. Preston Gardner | $380 x 105 hours = | $ 38,226.00 |

**Total Litigation/Contested Matters (B190)**         **$ 44,961.50**

### 8. Financing/Cash Collections

The Firm's efforts in this category consisted of communications with the Debtor and potential third-party lenders regarding debtor-in-possession financing, review and analysis of term sheets and related financing documents, and preparation and filing of a motion for authority to obtain post-petition financing. The total time expended by the Firm in this area is as follows:

| | | |
|---|---|---|
| Pernell W. McGuire | $440 x 1.8 hours = | $ 792.00 |
| M. Preston Gardner | $380 x 21.2 hours = | $ 8,000.00 |

**Total Financing/Cash Collections (B230)**         **$ 8,792.00**

### 9. Claims Administration and Objections

10

During the Application Period, the Firm communicated with creditors, counseled and advised the Debtors regarding specific claims, prepared waterfall payment schedule, discussed creditor appointments to the Unsecured Creditors Committee, reviewed equity security holders, calculated percentage of investor-creditor claims to unsecured claims, and analyzed allowance of specific claims. The total time expended by the Firm in connection with these activities is as follows:

| | | |
|---|---|---|
| Pernell W. McGuire | $440 x 0.3 hours = | $ 132.00 |
| M. Preston Gardner | $380 x 17.1 hours = | $ 6,266.00 |

**Total Claims Admin and Objections (B310)**     **$ 6,398.00**

### 10. Plan and Disclosure Statement

The Firm's efforts in this category consisted of drafting, revising, and filing an amended Disclosure Statement and Plan of Reorganization, reviewing and responding to objections and financial projections, attending conference calls with the Unsecured Creditor Committee, drafting a distribution trust agreement and discharge and release provisions and preparing for and attending hearings regarding approval of the Disclosure Statement. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| Pernell W. McGuire | $440 x 8.7 hours = | $ 3,801.00 |
| M. Preston Gardner | $380 x 127.1 hours = | $ 46,634.00 |

**Total Plan and Disclosure Statement (B320)**     **$ 50,435.00**

### D. SUMMARY OF COSTS

11

Case 4:20-bk-11567-BMW  Doc 287  Filed 06/16/22  Entered 06/16/22 07:42:40  Desc
Main Document    Page 11 of 15

The Firm also seeks reimbursement for out-of-pocket expenses incurred on behalf of the Debtor during the Application Period, including the following:

| | |
|---|---:|
| Filing fees | $ 535.71 |
| Postage | $ 71.00 |
| Courier/Document Retrieval Services | $ 890.50 |
| Westlaw Legal Research | $ 391.50 |
| IT Services/Internet Access | $ 1,535.97 |
| **Total Costs** | **$ 3,424.28** |

### E. EVALUATION STANDARDS

During the Application Period, the Firm spent a total of 433.2 hours in its representation of the Debtor, as outlined in the Firm's billing statements and spreadsheet of fees and costs attached hereto. Based on the Firm's standard hourly rates in effect at the time these services were rendered, the Firm's total fees were $157,546.60. This reflects a total blended hourly rate of $363.68 for all professionals, and a blended hourly rate (excluding paraprofessionals) of $386.33.

4. The results obtained by the Firm for the Debtor during the Application Period illustrate that the Firm:

(a) Used the skill required to perform the necessary legal services properly;

(b) Provided services necessary to the administration of the case; and

(c) Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

\\\

\\\

## II. **CONCLUSION**

Based on the foregoing, the Firm respectfully requests this Court enter an Order granting:

A. Compensation for professional services rendered during the Application Period by the Firm as the Debtor's former Chapter 11 counsel in the amount of $157,546.60;

B. Reimbursement of costs incurred by the Firm on behalf of the Debtor during the Application Period in the amount of $3,424.68;

C. Final approval of the fees and costs in this Application; and

D. For such further relief as is just.

RESPECTFULLY SUBMITTED this 16th day of June, 2022.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By: /s/ M. Preston Gardner
M. Preston Gardner
Pernell W. McGuire
*Attorneys for Davis Miles McGuire Gardner, PLLC*

# CERTIFICATE OF SERVICE

I certify that on June 16, 2022, I electronically filed the foregoing **FIRST AND FINAL APPLICATION OF DAVIS MILES MCGUIRE GARDNER, PLLC FOR PAYMENT OF ATTORNEYS' FEES AND COSTS** with the Clerk of the Court for the United States Bankruptcy Court by using the CM/ECF system.

I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I have caused a copy of the foregoing document to be emailed to:

| | |
|---|---|
| John C. Smith<br>Smith & Smith, PLLC<br>6720 E. Camino Principal, Suite 203<br>Tucson, AZ 85715<br>Email: john@smithandsmithpllc.com<br>Email: will@smithandsmithpllc.com<br>*Attorney for Chapter 7 Trustee* | Jonathan M. Saffer*<br>Rusing Lopez & Lizardi, P.L.L.C.<br>6363 North Swan Road, Sutie 151<br>Tucson, Arizona 85718<br>Email: JSaffer@rllaz.com<br>*Attorneys for Gregory Goodman* |
| Edward K. Bernatavicius*<br>UNITED STATES TRUSTEE<br>230 North 1st Avenue, Suite 204<br>Phoenix, Arizona 85003<br>edward.k.bernatavicius@usdoj.gov<br>*Attorney for United States Trustee* | Alan NewDelman*<br>80 East Columbus Avenue<br>Phoenix, Arizona 85712<br>Email: anewdelman@adnlaw.net<br>*Former Attorney for Debtor* |
| Trudy A. Nowak*<br>PMB #618, 8050 North 19th Avenue<br>Phoenix, Arizona 85021<br>Email: tnowak@bklaws.com<br>*Chapter 7 Trustee* | Leonard McDonald*<br>Tiffany & Bosco, P.A.<br>Camelback Esplanade II, Seventh Floor<br>2525 East Camelback Road<br>Phoenix, Arizona 85016-9240<br>Email: ljm@tblaw.com<br>*Attorney for Shellpoint Mortgage Servicing* |
| 12 University LLC<br>P.O. Box 40367<br>Tucson, Arizona 85717<br>Email: 2dcmtucson@cox.net | Philip Nathanson*<br>8326 East Hartford Drive, Suite 101<br>Scottsdale, AZ 85255<br>Email: philipj@nathansonlawfirm.com<br>*Former Special Counsel for Debtor* |

14

| | |
|---|---|
| 1 | Kevin Barrett* |
| 2 | BARRETT & MATURA PC |
|   | 8925 E. Pima Center Pkwy, Suite 215 |
| 3 | Scottsdale, AZ 85258 |
|   | Email: kbarrett@barrettmatura.com |
| 4 | At*torney for Auto-Owners Insurance Co.* |

Kevin Barrett*
BARRETT & MATURA PC
8925 E. Pima Center Pkwy, Suite 215
Scottsdale, AZ 85258
Email: kbarrett@barrettmatura.com
At*torney for Auto-Owners Insurance Co.*

Carolyn Johnsen*
DICKINSON WRIGHT PLLC
1850 N. Central Ave., Suite 1400
Phoenix, AZ 85004
Email: cjjohnsen@dickinsonwright.com
*Attorney for James and Sheila Diller, Snakebridge LLC, 821 7th Street LLC, and 807 LLC*

Leslie M. Lukach
Pima County Attorney's Office
32 N. Stone Ave., 19th Floor
Tucson, AZ 85701
Email: lesley.lukach@pcao.pima.gov
*Attorney for Pima County, AZ*


By: /s/ Joan Stoner
      Joan Stoner

15