**SMITH & SMITH**
GERALD K. SMITH AND JOHN C. SMITH
LAW OFFICES, PLLC
ATTORNEYS AT LAW

6720 E. Camino Principal, Suite 203
Tucson, AZ 85715
Tel: (520) 722-1605
Fax: (520) 844-8070

John C. Smith, State Bar No. 023008
Email: john@smithandsmithpllc.com
Will Sherman, State Bar No. 034221
Email: will@smithandsmithpllc.com

*Attorneys for Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>12 UNIVERSITY, LLC,<br><br>Debtor. | Chapter 7 Proceedings<br><br>Case No. 4:20-bk-11567-BMW<br><br>**MOTION TO APPROVE RULE 9019 SETTLEMENT RE: AMENDED SECOND FEE APPLICATION FILED BY DEBTOR'S FORMER COUNSEL** |

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, Trudy A. Nowak, the Chapter 7 Trustee ("Trustee") hereby moves this Court for an order approving the settlement between the Trustee and Debtor's former counsel, Allan D. NewDelman, P.C. ("NewDelman"), of its claim for attorney's fees and costs pursuant to its Amended Second Fee Application filed on May 12, 2022 [DE 269]. The settlement of NewDelman's claim for attorney fees and costs will avoid further litigation between the parties.

The Trustee has determined, based on a reasonable business judgment, that the terms of the settlement are fair, reasonable, and in the best interests of 12 University's creditors and the bankruptcy estate, and therefore should be approved by the Court, after notice and hearing.

This Motion is supported by the following Memorandum of Points and Authorities and the entire record before the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion presents a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). The relief requested is authorized by Fed. R. Bankr. P. Rule 9019.

## II. RELEVANT FACTS.

1. On October 19, 2020, the Debtor commenced this case by filing a voluntary Chapter 11 petition [DE 1].

2. On October 19, 2020, NewDelman filed an application for employment as Chapter 11 counsel for the Debtor [DE 4].

3. On October 19, 2020, the Court entered an Order approving NewDelman's employment as Chapter 11 counsel for the Debtor [DE 8].

4. On August 4, 2021, the Court signed an Order granting NewDelman's withdrawal as Chapter 11 counsel for the Debtor [DE 108].

5. On April 20, 2022, the Court signed an Order converting this case to Chapter 7 [DE 244].

6. On March 8, 2022, NewDelman filed its First Fee Application in the amount of $21,151.75, which was offset by an initial retainer in the amount of $340.75, leaving a balance of $20,843.02 [DE 55], which the Court approved on April 7, 2021 [DE 67]. Counsel was paid an additional $9,163.53, leaving an unpaid balance of $11,679.49 on his First Fee Application.

7. On May 12, 2022, NewDelman filed its Amended Second Fee Application in the amount of $50,988.75 for attorney fees and $156.48 for costs incurred, for a total of

$51,145.23 [DE 269]. In that fee application, NewDelman offered to reduce its request for fees and costs by $2,968.75, which represented work generally related to preparation of a motion to withdraw as counsel for the Debtor, leaving a balance of $48,176.48.

8. The Trustee has reviewed NewDelman's time records to determine whether the time spent was reasonable and necessary and whether the time expended was commensurate with the results achieved on behalf of the Debtor's estate.

9. In discussions with counsel and other affiliated parties, the Trustee ultimately determined that NewDelman's offer to reduce its request for attorney fees by approximately twenty percent (20%) would be fair and reasonable in this instance.

10. The parties have reviewed and considered their respective claims and positions and acknowledge that a contested proceeding would require time-consuming and costly litigation, the result of which is uncertain.

11. In settlement of the amounts owed to NewDelman, including the unpaid balance of its First Fee Application, and the undiscounted total of its Amended Second Fee Application in the amount of $62,824.72, the parties agree to the following terms:

    a. NewDelman agrees to discount its fees and costs, including the unpaid balance of $11,679.49 on its First Fee Application, by approximately 20%, resulting in a total amount remaining owed of $50,000 between both fee applications.

    b. Subject to the entry by this Court of an Order approving the settlement, the Trustee on behalf of the bankruptcy estate shall pay to NewDelman the sum of $50,000 inclusive of fees and costs as an allowed administrative claim

/ / /

/ / /

c. The Trustee believes that the settlement is fair and reasonable under the circumstances and in the best interests of the Debtor's creditors and this bankruptcy estate and should be approved by the Court after notice and hearing.

12. The entry of the Bankruptcy Court Approval Order is a condition precedent to the implementation of the settlement. Should this settlement not be approved the Parties reserve all of their respective rights and remedies.

## III. APPLICABLE STANDARD FOR APPROVAL OF SETTLEMENT.

The Trustee requests that the Court approve the settlement. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure authorizes this Court to grant a motion for approval of a settlement. The decision of whether to approve or reject a proposed compromise is left to the sound discretion of the Court and is to be determined by the particular circumstances of each case. *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re Woodson,* 839 F.2d 610, 620 (9th Cir. 1988); *In re Walsh Constr., Inc*., 669 F.2d 1325, 1328 (9th Cir. 1982).

It is well-established that "[c]ompromises are 'a normal part of the process of reorganization.'" *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). The function of compromise is to avoid litigation, which by its nature involves delay and expense. See *In re General Store of Beverly Hills*, 11 B.R. 541 (9th Cir. BAP 1981); see also *In re A & C Properties*, supra at 1384.

Finally, in reviewing a proposed settlement, the Court must be mindful of the fact that the law favors compromise, *In re A & C Properties*, supra at 1381; *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976); see also *In re America West Airlines, Inc., 214 B.R. 382, 386 (Bankr. D.*

*Ariz. 1997)* (holding that "the law favors compromise"), and that the bankruptcy court is uniquely situated to evaluate whether a compromise is in the best interest of the bankruptcy estate. *In re Walsh Constr., Inc.*, supra at 1328.

The Supreme Court has held that compromises and settlements in bankruptcy should be approved if they are "fair and equitable." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, supra, 390 U.S. at 424. See also *In re Schmitt,* 215 B.R. 417, 420 (9th Cir. BAP 1997) (holding that the bankruptcy court's decision to approve a settlement should not be overturned as an abuse of discretion unless it leads to a result that is "neither in the best interests of the estate nor fair and equitable for the creditors."). More specifically, according to the Ninth Circuit, a court should review the following factors in considering whether to approve a proposed settlement:

- ☐ The probability of success in the litigation;
- ☐ The difficulties, if any, to be encountered in the matter of collection;
- ☐ The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
- ☐ The paramount interest of the creditors and a proper deference to their reasonable views under the circumstances.

*In re Woodson*, supra at 620 (quoting *In re A&C Properties*, supra at 1381).

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversy to be settled, or to determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). Accordingly, if the Court finds that the compromise is

Case 4:20-bk-11567-BMW    Doc 302    Filed 08/25/22    Entered 08/25/22 13:58:15    Desc
Main Document    Page 5 of 8

reasonable, it should be approved. See *In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n. 7 (Bankr. C.D. Cal. 1991).

Further, in considering a proposed compromise and settlement "the bankruptcy judge may give weight to the opinions of the trustee, the parties and their attorneys." *In re A&C Properties*, supra at 1385. In weighing the options of the Trustee, her counsel and NewDelman, the Court should consider the Trustee's belief that all of the factors bearing upon the appropriateness of the settlement have been explored and that the compromise is fair, equitable, and the wisest course. *In re Blair*, supra at 851. Moreover, the Court may consider the competency and experience of counsel who support the compromise. *In re Texaco, Inc.*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988); see also *In re Walsh Constr., Inc.*, supra at 1328.

The settlement meets the requirements of *In re Woodson*, supra, and *In re A&C Properties*, supra. The Trustee submits that the settlement is in the best interests of the Debtor's creditors and this estate and should be approved by the Court as the settlement, upon approval of the Court, will result in settling NewDelman's application for fees, and will eliminate the need for an evidentiary hearing on its fee application.

## IV.  CONCLUSION.

The Trustee submits that the settlement is fair, reasonable, and in the best interests of the Debtor's creditors and this estate and should be approved and authorized by the Court. Therefore, the Trustee requests that the Court enter an order, after notice and hearing, approving the settlement and authorizing the Trustee to pay $50,000 in fees and costs to NewDelman as an allowed administrative claim

/ / /

/ / /

DATED this 25th day of August 2022.

**GERALD K. SMITH AND JOHN C. SMITH LAW OFFICES, PLLC**

By: /s/ John C. Smith
    John C. Smith
    *Attorney for Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and additionally mailed and/or e-mailed* copies of the attached document to the following:

Edward K. Bernatavicius*
UNITED STATES TRUSTEE
230 North 1st Avenue, Suite 204
Phoenix, Arizona 85003
edward.k.bernatavicius@usdoj.gov
*Attorney for United States Trustee*

Trudy A. Nowak*
PMB #618, 8050 North 19th Avenue
Phoenix, Arizona 85021
Email: tnowak@bklaws.com
*Chapter 7 Trustee*

Pernell W. McGuire*
M. Preston Gardner*
DAVIS MILES MCGUIRE GARDNER
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Email: efile.dockets@davismiles.com
*Former attorney for Debtor*

12 University LLC*
P.O. Box 40367
Tucson, Arizona 85717
Email: 2dcmtucson@cox.net

Jonathan M. Saffer*
Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Sutie 151
Tucson, Arizona 85718
Email: JSaffer@rllaz.com
*Attorneys for Gregory Goodman*

Alan NewDelman*
80 East Columbus Avenue
Phoenix, Arizona 85712
Email: anewdelman@adnlaw.net

Leonard McDonald*
Tiffany & Bosco, P.A.
Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016-9240
Email: ljm@tblaw.com
*Attorney for Shellpoint Mortgage Servicing*

Philip Nathanson*
8326 East Hartford Drive, Suite 101
Scottsdale, AZ 85255
Email: philipj@nathansonlawfirm.com
*Special Counsel*

```
 1  Kevin Barrett*                              Email: cjjohnsen@dickinsonwright.com
    BARRETT & MATURA PC                         Attorney for James and Sheila Dillai
 2  8925 E. Pima Center Pkwy, Suite 215         Shakebridge LLC, 821 7th Street, LLC
    Scottsdale, AZ 85258                        and 807 LLC
 3  Email: kbarrett@barrettmatura.com
    Attorney for Auto-Owners Insurance Co.      Chris Levy*
 4                                              Pima County Attorney's Office
 5  Carolyn Johnsen*                            32 N. Stone Ave., 19th Floor
    DICKINSON WRIGHT PLLC                       Tucson, AZ 85701
 6  1850 N. Central Ave., Suite 1400            Email: chris.levy@pcao.pima.gov
    Phoenix, AZ 85004                           Attorney for Pima County, AZ
 7  Former Attorney for Debtor

 8  Janet Spears*
 9  ALDRIDGE PITE, LLP
    4375 Jutland Drive, Suite 200
10  P.O. Box 17933
    San Diego, CA 92177-0933
11  Email: ecfazb@aldridgepite.com
    Attorneys for Rocket Mortgage, LLC
12  dba Quicken Loans

13   /s/ Kate Manns
15  Kate Manns
```

---

Dear Mr. Ingallina:

Please be advised that our representation of Support & Office Solutions, Inc. has been concluded with the winding up of the company's business affairs and dissolution of the corporation with the Arizona Corporation Commission.

Letters to the known creditors were sent advising that there were no assets to satisfy any claims against the company. A notice to unknown creditors was published in Maricopa County in The Record Reporter on October 20, 2021. Pursuant to A.R.S. §10-1407(C), an unknown creditor who did not receive written notice has five years from the date of publication of the notice to commence a proceeding against a dissolved company.

If you wish to have any of the documents that you supplied to us returned to you, please advise. Should there be matters in the future where we might be of assistance again, we would be happy to represent you.

Thank you again for the opportunity to represent you. It was a pleasure working with you.

Sincerely,

GERALD K. SMITH AND JOHN C. SMITH
LAW OFFICES, PLLC

By: _____
    John C. Smith

Enclosure