# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
## Minute Entry

### Hearing Information:

| | |
|---|---|
| Debtor: | 12 UNIVERSITY, LLC |
| Case Number: | 4:20-BK-11567-BMW     Chapter: 7 |
| Date / Time / Room: | TUESDAY, OCTOBER 11, 2022 10:45 AM    VIDEO CONF HRGS |
| Bankruptcy Judge: | BRENDA M. WHINERY |
| Courtroom Clerk: | REBECCA VOLZ |
| Reporter / ECR: | VIVIANA VANEGAS |

### Matters:

1) CHAPTER 7 TRUSTEE'S MOTION TO APPROVE RULE 9019 SETTLEMENT RE: FIRST AND FINAL FEE APPLICATION OF DAVIS MILES MCGUIRE GARDNER, PLLC (SET ON THE COURT'S OWN MOTION)
   R / M #: 299 / 0

2) CHAPTER 7 TRUSTEE'S MOTION TO APPROVE RULE 9019 SETTLEMENT RE: AMENDED SECOND FEE APPLICATION OF ALLAN D. NEWDELMAN, PC (SET ON THE COURT'S OWN MOTION)
   R / M #: 302 / 0

### Appearances:

JOHN SMITH, REPRESENTING THE CHAPTER 7 TRUSTEE AND APPEARING BY VIDEOCONFERENCE

ALLAN NEWDELMAN, REPRESENTING ALLAN D. NEWDELMAN, P.C. AND APPEARING BY VIDEOCONFERENCE

JON SAFFER, REPRESENTING CREDITOR GREGORY GOODMAN AND APPEARING BY VIDEOCONFERENCE

KEVIN BARRETT, REPRESENTING AUTO-OWNERS INSURANCE COMPANY AND APPEARING BY VIDEOCONFERENCE

# Minute Entry

(continue)...     4:20-BK-11567-BMW          TUESDAY, OCTOBER 11, 2022 10:45 AM

## *Proceedings:*

ITEM 1: CHAPTER 7 TRUSTEE'S MOTION TO APPROVE RULE 9019 SETTLEMENT RE: FIRST AND FINAL FEE APPLICATION OF DAVIS MILES MCGUIRE GARDNER, PLLC (SET ON THE COURT'S OWN MOTION)

ITEM 2: CHAPTER 7 TRUSTEE'S MOTION TO APPROVE RULE 9019 SETTLEMENT RE: AMENDED SECOND FEE APPLICATION OF ALLAN D. NEWDELMAN, PC (SET ON THE COURT'S OWN MOTION)

The Court states that there are two settlements pending with the firms that represented the debtor while the case was still a Chapter 11. How much cash is on hand at this time?

Mr. Smith reports that the trustee is holding $97,000.00 that was transferred from Ms. Johnsen's office and the $283,000.00 of sale proceeds. The trustee is waiting on approximately $120,000.00 from OneAZ Credit Union. As per the state court's order, the trustee will review the debtor's financials to determine whether the estate has any interest in the $120,000.00. The estate may or may not have an interest in the $97,000.00 and the $120,000.00. Mr. Saffer's client seems to have the strongest claim to those funds. The sale proceeds, in the amount of approximately $283,000.00, are estate funds.

The Court states that these proposed settlements were set for hearing because the sale was approved based upon the representations that unsecured creditors would be paid in full. Given the numbers now, there is no where near full payment for the unsecured creditors. It does not appear that this Court has sufficient information to approve the proposed settlements today.

Mr. Smith provides a status update. Claim no. 1 has been withdrawn as that claim was paid from sale proceeds. Claim no. 2 is a legitimate claim and the trustee believes it will be paid. Claim no. 3 is a legitimate claim. Claim no. 4 is currently being negotiated. The trustee hopes to have a walk-away settlement. The creditor would also like Mr. Diller to agree to the same terms which is why the negotiations are not complete. Claim no. 5-2 is currently being negotiated. Mr. Goodman is one of the largest unsecured creditors. There are a lot of moving parts. If the trustee can resolve the administrative claims as well as the Auto-Owners claim (claim no. 4-1), then there will likely be full payment to the unsecured creditors. Claim no. 6-2 will be withdrawn as it was paid in full. Claim nos. 7-1 through 12-1 are insiders. The trustee has sent over a stipulation to have the insider claimants agree to subordination. It has been difficult communicating with Mr. Diller so a motion for subordination may eventually be filed. He and the trustee are still investigating Claim nos. 14-1 through 16-1. The Schedules listed a few litigation claims as assets of the estate. It is likely that those litigation claims will be abandoned.

The Court asks about Mr. Goodman's claim.

Mr. Saffer confirms that his client has a claim on the $97,000.00 and $120,000.00 of state court funds. There were non-debtor affiliated entities in the state court proceeding that withdrew funds from affiliated bank accounts in the form of cashier's checks. One of those checks was deposited in Carolyn Johnsen's trust account and some of the funds were used to close the sale. The remaining $97,000.00 was later turned over to the Chapter 7 trustee. OneAZ Credit Union is holding the check for $120,000.00 and those funds will be turned over to the trustee. It appears that this estate may not have an interest in the state court funds. His client is willing to reduce his claim given that his client has other avenues of collection.

The Court states that there are still the trustee's fees and the trustee's counsel's fees to consider. There will be no distribution until the Trustee's Final Report ("TFR") has been approved.

Mr. Smith confirms that there will be no distribution until the TFR has been approved. The trustee is working hard to keep litigation costs down.

The Court notes that this has been a difficult case. These two 9019 settlements total $185,000.00 which would only leave approximately $50,000.00 for distribution to other creditors. These settlements are premature. The Court does not have enough information to make a determination regarding the proposed settlements at this time.

Mr. NewDelman argues that the Court should approve the 9019 compromise regarding his office's fees today. Approval does not mean the fees will be paid. He does not see a reason to delay given that the bar date has passed, and no objections have been filed. His claim is senior to the general, unsecured creditors. He requests that the Court approve his fees.

The Court states that this Court must determine whether the fees are reasonable. Representations were made that the unsecured creditors would be paid in full. The Court recognizes that those representations were made prior to conversion, but at this point it appears that the return to general, unsecured creditors could be 50% or less. Given that the potential return is that low and given the course of this case, this Court will have to a close look at whether the proposed settlements are actually reasonable. Given Mr. Smith's representations about where this case is headed, it is possible that both settlements may be approved in the future, but the Court does not have sufficient information to determine reasonableness at this time.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   4:20-BK-11567-BMW   TUESDAY, OCTOBER 11, 2022 10:45 AM

COURT: THE COURT WILL DEFER RULING WITH RESPECT TO THESE PROPOSED SETTLEMENTS. A STATUS HEARING IS SET FOR DECEMBER 7, 2022 AT 10:45 A.M.

**SUBSEQUENT TO THE HEARING**
COURT: A STATUS HEARING IS SET FOR DECEMBER 7, 2022 AT 10:45 A.M. ANY INTERESTED PARTIES MAY APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS 160 142 4315 AND THE PASSCODE IS 972178.
CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM DEPUTY REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.