**SMITH & SMITH**
**GERALD K. SMITH AND JOHN C. SMITH**
**LAW OFFICES, PLLC**
ATTORNEYS AT LAW

6720 E. Camino Principal, Suite 203
Tucson, AZ 85715
Tel: (520) 722-1605
Fax: (520) 844-8070

John C. Smith, State Bar No. 023008
Email: john@smithandsmithpllc.com
Will Sherman, State Bar No. 034221
Email: will@smithandsmithpllc.com

*Attorneys for Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>12 UNIVERSITY, LLC,<br><br>Debtor. | Chapter 7 Proceedings<br><br>Case No. 4:20-bk-11567-BMW<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE RULE 9019 SETTLEMENT WITH AUTO-OWNERS INSURANCE COMPANY** |

Pursuant to Fed. R. Bankr. P. 9019, the Chapter 7 Trustee, through undersigned counsel, seeks an order approving a settlement between the Debtor and Auto-Owners Insurance Company ("Auto-Owners"), collectively "the Parties." The claims to be settled by this Motion include the lawsuit filed by Auto-Owners in the United States District Court for the District of Arizona captioned *Auto-Owners Insurance Company v. 12 University, LLC; James Diller and Sheila Diller, husband and wife; and Greg Goodman*, Case No. CV-18-0497-TUC-CKJ, for reimbursement of liability defense costs due to breach of an insurance contract, and the counterclaim filed in response to the complaint by the Debtor and Debtor's principals, James and Sheila Diller. Specifically, the settlement will resolve all claims by the Debtor and Auto-Owners against one another and will avoid future litigation between Debtor and Auto-Owners.

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion presents a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). The relief requested is authorized by Fed. R. Bankr. P. Rule 9019.

## II. RELEVANT FACTS

On October 19, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On April 20, 2022, the Court converted the case to a Chapter 7 and appointed Trudy A. Nowak as the Chapter 7 Trustee.

## III. MATERIAL TERMS OF THE SETTLEMENT

The Parties have reviewed and considered their respective claims and positions and acknowledge that pursuit of their claims would be time-consuming and costly, and the result uncertain. The Parties desire to avoid further litigation and expense and have agreed to settle all claims and disputes of any kind or character, whether known, unknown or anticipated at this time or otherwise, that were or could have been asserted by Debtor against Auto-Owners or by Auto-Owners against Debtor, pursuant to the terms stated in the proposed Settlement Agreement (Exhibit A). For the purposes of this Motion, the Parties agree as follows:

Debtor and Auto-Owners both agree to mutually release and dismiss all claims as between them. The Parties shall submit a Stipulation of Dismissal with Prejudice of the claims brought by Auto-Owners against Debtor in the District Court lawsuit and of the claims brought by Debtor against Auto-Owners in the Counterclaim.

Auto-Owners further agrees to withdraw the proof of claim filed against the Debtor in the bankruptcy proceeding.

## IV. APPLICABLE STANDARD FOR APPROVAL OF SETTLEMENT.

The Trustee requests that the Court approve the settlement. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure authorizes this Court to grant a motion for approval of a settlement. The decision of whether to approve or reject a proposed compromise is left to the sound discretion of the Court and is to be determined by the particular circumstances of each case. *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re Woodson,* 839 F.2d 610, 620 (9th Cir. 1988); *In re Walsh Constr., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982).

It is well-established that "[c]ompromises are 'a normal part of the process of reorganization.'" *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). The function of compromise is to avoid litigation, which by its nature involves delay and expense. See *In re General Store of Beverly Hills*, 11 B.R. 541 (9th Cir. BAP 1981); see also *In re A & C Properties*, supra at 1384.

Finally, in reviewing a proposed settlement, the Court must be mindful of the fact that the law favors compromise, *In re A & C Properties*, supra at 1381; *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976); see also *In re America West Airlines, Inc., 214 B.R. 382, 386 (Bankr. D. Ariz. 1997)* (holding that "the law favors compromise"), and that the bankruptcy court is uniquely situated to evaluate whether a compromise is in the best interest of the bankruptcy estate. *In re Walsh Constr., Inc.*, supra at 1328.

The Supreme Court has held that compromises and settlements in bankruptcy should be approved if they are "fair and equitable*." Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, supra, 390 U.S. at 424. See also *In re Schmitt,* 215 B.R. 417, 420 (9th Cir. BAP 1997) (holding that the bankruptcy court's decision

to approve a settlement should not be overturned as an abuse of discretion unless it leads to a result that is "neither in the best interests of the estate nor fair and equitable for the creditors."). More specifically, according to the Ninth Circuit, a court should review the following factors in considering whether to approve a proposed settlement:

- The probability of success in the litigation;
- The difficulties, if any, to be encountered in the matter of collection;
- The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
- The paramount interest of the creditors and a proper deference to their reasonable views under the circumstances.

*In re Woodson*, supra at 620 (quoting *In re A&C Properties*, supra at 1381).

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversy to be settled, or to determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). Accordingly, if the Court finds that the compromise is reasonable, it should be approved. See *In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n. 7 (Bankr. C.D. Cal. 1991).

Further, in considering a proposed compromise and settlement "the bankruptcy judge may give weight to the opinions of the trustee, the parties and their attorneys." *In re A&C Properties*, supra at 1385. In weighing the options of the Trustee, her counsel and Auto-Owners, the Court should consider the Trustee's belief that all of the factors bearing upon the appropriateness of the settlement have been explored and that the compromise is fair, equitable, and the wisest course. *In re Blair*, supra at 851. Moreover, the Court may consider

the competency and experience of counsel who support the compromise. *In re Texaco, Inc.*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988); see also *In re Walsh Constr., Inc.*, supra at 1328.

The settlement meets the requirements of *In re Woodson*, supra, and *In re A&C Properties*, supra. The Trustee submits that the settlement is in the best interests of the Debtor's creditors and this estate and should be approved by the Court as the settlement, upon approval of the Court, will result in settling the District Court lawsuit and in the withdrawal of Auto-Owners' claim against the bankruptcy estate.

The proposed settlement is the product of substantial arm's-length, good faith negotiations and resolves the ongoing disputes between the Debtor and Auto-Owners. It avoids protracted proceedings between the Parties and, most importantly, puts the Chapter 7 Trustee in the best position to liquidate the bankruptcy estate and pay creditors. The Chapter 7 Trustee submits that sound business justification exists to approve the proposed settlement.

## V. CONCLUSION.

The Chapter 7 Trustee submits that the settlement is fair, reasonable, and in the best interests of the Parties hereto, the creditors and the bankruptcy estate and should be approved and authorized by the Court. The Chapter 7 Trustee seeks entry of an Order approving the proposed settlement and authorizing the Chapter 7 Trustee to effectuate the terms of the proposed settlement.

DATED this 23rd day of November 2022.

**GERALD K. SMITH AND JOHN C. SMITH LAW OFFICES, PLLC**

By: */s/ John C. Smith*
    John C. Smith
    *Attorney for Chapter 7 Trustee*

# CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and mailed or e-mailed* copies of the attached document to the following:

| | |
|---|---|
| Edward K. Bernatavicius*<br>UNITED STATES TRUSTEE<br>230 North 1st Avenue, Suite 204<br>Phoenix, Arizona 85003<br>edward.k.bernatavicius@usdoj.gov<br>*Attorney for United States Trustee* | Leonard McDonald*<br>Tiffany & Bosco, P.A.<br>Camelback Esplanade II, Seventh Floor<br>2525 East Camelback Road<br>Phoenix, Arizona 85016-9240<br>Email: ljm@tblaw.com<br>*Attorney for Shellpoint Mortgage Servicing* |
| Trudy A. Nowak*<br>PMB #618, 8050 North 19th Avenue<br>Phoenix, Arizona 85021<br>Email: tnowak@bklaws.com<br>*Chapter 7 Trustee* | Philip Nathanson*<br>8326 East Hartford Drive, Suite 101<br>Scottsdale, AZ 85255<br>Email: philipj@nathansonlawfirm.com<br>*Special Counsel* |
| Pernell W. McGuire*<br>M. Preston Gardner*<br>DAVIS MILES MCGUIRE GARDNER<br>40 E. Rio Salado Parkway, Suite 425<br>Tempe, AZ 85281<br>Email: efile.dockets@davismiles.com<br>*Former attorney for Debtor* | Kevin Barrett*<br>BARRETT & MATURA PC<br>8925 E. Pima Center Pkwy, Suite 215<br>Scottsdale, AZ 85258<br>Email: kbarrett@barrettmatura.com<br>*Attorney for Auto-Owners Insurance Co.* |
| 12 University LLC<br>P.O. Box 40367<br>Tucson, Arizona 85717 | Carolyn Johnsen*<br>DICKINSON WRIGHT PLLC<br>1850 N. Central Ave., Suite 1400<br>Phoenix, AZ 85004<br>Email: cjjohnsen@dickinsonwright.com<br>*Attorney for James and Sheila Diller, Snakebridge LLC, 821 7th Street LLC, and 807 LLC* |
| Jonathan M. Saffer*<br>Rusing Lopez & Lizardi, P.L.L.C.<br>6363 North Swan Road, Sutie 151<br>Tucson, Arizona 85718<br>Email: JSaffer@rllaz.com<br>*Attorneys for Gregory Goodman* | |
| Alan NewDelman*<br>80 East Columbus Avenue<br>Phoenix, Arizona 85712<br>Email: anewdelman@adnlaw.net<br>*Former attorney for Debtor* | Eric Levy*<br>Pima County Attorney's Office<br>32 N. Stone Ave., 19th Floor<br>Tucson, AZ 85701<br>Email: eric.levy@pcao.pima.gov<br>*Attorney for Pima County, AZ* |

| | |
|---|---|
| 1 | Janet Spears* |
| | ALDRIDGE PITE, LLP |
| 2 | 4375 Jutland Drive, Suite 200 |
| 3 | P.O. Box 17933 |
| | San Diego, CA 92177-0933 |
| 4 | Email: ecfazb@aldridgepite.com |
| 5 | *Attorneys for Rocket Mortgage, LLC* |
| | *dba Quicken Loans* |
| 6 | |
| 7 | /s/ Kate Manns |
| | Kate Manns |
| 8 | |

# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Auto-Owners Insurance Company ("Auto-Owners") and 12 University LLC ("12 University" or "Debtor"), also referred to below as "the Parties."

## RECITALS

1. Auto-Owners issued a Dwelling Insurance Policy, Policy No. 44-780-732-01 to 12 University, effective 01/20/16 – 01/20/17 (the "Policy"). The Policy provided certain coverage pertaining to the property located at 12 E. University Blvd. in Tucson, Arizona ("the Property"), including but not limited to Property Coverage and Landlord Liability Coverage.

2. On August 8, 2016, a lawsuit was filed against 12 University in the Superior Court of Arizona, Pima County, by Greg Goodman, the owner of a building adjacent to the Property, captioned *Goodman v. 12 University, LLC, et al.*, and identified by Case No. C20163644 (the "Underlying Lawsuit").[1]

3. In the Underlying Lawsuit, Plaintiff Goodman alleged that 12 University and the Dillers failed and/or refused to comply with a License Agreement allowing Goodman access to perform maintenance to a portion of his property. Goodman further alleged that 12 University and the Dillers failed and/or refused to comply with the arbitration provision of the License Agreement. The claims asserted against 12 University and the Dillers in the Underlying Lawsuit included declaratory relief, breach of contract, breach of implied covenant of good faith and fair dealing, and trespass. Goodman sought compensatory damages, punitive damages, and attorney fees.

4. Auto-Owners agreed to defend 12 University and the Dillers, to the extent they were being sued in their capacity as Owners, Members, or Managers of 12 University and/or for actions taken on behalf of 12 University, in the Underlying Lawsuit, under a reservation of rights. Auto-Owners appointed multiple defense counsel to defend 12 University and the Dillers. Each appointed attorney either declined the representation or accepted it and later moved to withdraw as counsel. 12

---

[1] The Underlying Lawsuit also named James and Sheila Diller ("the Dillers") individually as Defendants. The Dillers in their personal capacities are not parties to this Settlement Agreement.

University and the Dillers objected to and contested each withdrawal. Auto-Owners subsequently allowed 12 University and the Dillers to retain counsel of their own choice, for which Auto-Owners agreed to pay and did pay through the conclusion of trial, at which time counsel withdrew.

5. In the Underlying Lawsuit, a jury verdict was entered in favor of Goodman and against 12 University and the Dillers in the amount of $85,000 for the breach of contract claim for diminution in value of the Goodman property, $17,000 in attorney fees, $100,000 for trespass damages, and $60,000 in punitive damages.

6. Auto-Owners denied coverage for the judgment against 12 University and the Dillers based on the provisions of the Policy. Auto-Owners further denied 12 University's and the Dillers' request that it appoint additional counsel to pursue an appeal on their behalf.

7. The Underlying Lawsuit was subsequently appealed. The Arizona Court of Appeals found in favor of Goodman. Certain matters in the Underlying Lawsuit may still be pending.

8. On October 5, 2018, Auto-Owners filed a lawsuit against 12 University and the Dillers, seeking declaratory relief with regard to the duty to defend and indemnify 12 University and the Dillers, based on lack of coverage for the claims in the Underlying Lawsuit and their breach of the cooperation clause of the Policy. The lawsuit was filed in the United States District Court in and for the District of Arizona, captioned *Auto-Owners Insurance Company v. 12 University, LLC, et al.*, Case No. 18-cv-00497-CKJ (the "Current Lawsuit"). In the Current Lawsuit, Auto-Owners seeks reimbursement of the fees and costs incurred due to the appointment of multiple defense counsel to defend 12 University and the Dillers.

9. On May 8, 2019, 12 University and the Dillers filed a counterclaim against Auto-Owners in the Current Lawsuit, alleging counterclaims for breach of contract and bad faith (the "Counterclaim").

10. On November 14, 2019, Auto-Owners filed an Amended Complaint in the Current Lawsuit, further seeking declaratory relief that there is no duty to defend and indemnify 12 University and the Dillers for the judgment against them in the Underlying Lawsuit.

11. On October 19, 2020, 12 University filed a Voluntary Bankruptcy Petition under

Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court in and for the District of Arizona, captioned *In re: 12 University, LLC*, Case No. 20-bk-11567-BMW, which remains pending (the "Bankruptcy"). As a result of the Bankruptcy, the Current Lawsuit and the Underlying Lawsuit were stayed.

12. Auto-Owners filed a claim as a Creditor in the Bankruptcy.

13. The Bankruptcy has now been converted to a Chapter 7 proceeding. Auto-Owners has filed a renewed Notice of Claim as a Creditor in the Chapter 7 bankruptcy.

14. In consideration of the promises and covenants set forth in this Agreement, and without admitting liability therefor, the Parties now deem it to be in their best interests to settle and compromise all disputes and controversies between and among themselves and agree to enter into this Agreement.

## SETTLEMENT AND RELEASE

15. As consideration for the terms of this Agreement, including but not limited to the releases, waivers, representations, and warranties set forth herein, Debtor and Auto-Owners both agree to mutually release and dismiss all claims as between them. The Parties shall submit a Stipulation of Dismissal with Prejudice of the claims brought by Auto-Owners against Debtor in the Current Lawsuit and of the claims brought by Debtor against Auto-Owners in the Counterclaim. The Parties further agree that each shall bear its own fees and costs incurred in relation to the Current Lawsuit and the Counterclaim. The Parties agree that counsel for Auto-Owners will file the foregoing Stipulation within 10 days of the Parties' execution of this Agreement.

16. Debtor, for itself and its past, present and future agents, employees, members, owners, managers, or anyone else acting on behalf of debtor, attorneys, heirs, survivors and assignees, forever releases and discharges Auto-Owners and all respective past, present and future predecessors, successors, subsidiaries and affiliated companies, agents, attorneys, heirs, survivors and assignees from all claims, actions, causes of action, demands, indemnity, contribution, suits, debts, sums, accounts, controversies, rights, damages, awards, costs, attorneys fees, losses, expenses and liabilities whatsoever, including contractual and extra-contractual claims and damages derivative, subrogated, personal, assigned, discovered, undiscovered or otherwise, which it may now have, have had, or which

may hereafter accrue, in connection with, relating to, or arising out of the Underlying Lawsuit, the Current Lawsuit, the Counterclaim, the Bankruptcy and/or any other claims related to the Property.

17. Auto-Owners, for itself and its past, present and future agents, attorneys, heirs, survivors and assignees, forever releases and discharges Debtor and all respective past, present and future predecessors, successors, subsidiaries and affiliated companies, agents, attorneys, heirs, survivors and assignees from all claims, actions, causes of action, demands, indemnity, contribution, suits, debts, sums, accounts, controversies, rights, damages, awards, costs, attorneys fees, losses, expenses and liabilities whatsoever, including contractual and extra-contractual claims and damages derivative, subrogated, personal, assigned, discovered, undiscovered or otherwise, which it may now have, have had, or which may hereafter accrue, in connection with, relating to, or arising out of the Underlying Lawsuit, the Current Lawsuit, the Counterclaim, the Bankruptcy and/or any other claims related to the Property.

18. Releasors assert that they have satisfied or will satisfy all liens (including attorneys' liens) and any other claims of third parties regarding damages related to the Underlying Action, the Bankruptcy, the Lawsuit, and/or the Counterclaim and that the other party is not responsible for any such claims or liens.

19. With respect to the releases contained in the paragraphs above, the Parties expressly understand and agree that this Agreement is meant to be a general release and fully and finally releases and forever resolves the matters released and discharged in this Agreement, including those which may be unknown, unanticipated, and/or unsuspected. Specifically, this releases all claims in connection with, relating to, or arising out of the Underlying Lawsuit, the Current Lawsuit, the Counterclaim, the Bankruptcy and/or any other claims related to the Property that have been asserted or brought and/or that could have been asserted or brought, specifically including, but not limited to, any claims by Debtor with respect to Auto-Owners' handling of the defense of the Underlying Lawsuit, the appointment or failure to appoint counsel for 12 University in the Underlying Lawsuit (including on appeal), and any alleged expert fees and/or attorney fees incurred by 12 University in connection with the Underlying Lawsuit, the Current Lawsuit, the Counterclaim and/or the Bankruptcy, and any other

claims the Debtor made or could have made under the Policy for any other loss.

20. Upon execution of this Agreement, Auto-Owners further agrees to dismiss its claim as a Creditor in and waive any purported rights as a Creditor in the Bankruptcy.

**CONSTRUCTION**

21. This Agreement was negotiated between the Parties at arms-length, with each party receiving advice from independent legal counsel of its own choosing. It is the intent of the Parties that no part of this Agreement be construed for or against any of the Parties.

22. This Agreement constitutes a single integrated written contract expressing the entire agreement and understanding between the Parties and supersedes any prior understandings and agreements among the Parties with respect to this matter. There are no representations, agreements, arrangements, or understandings among the Parties, oral or written, pertaining to the settlement which are not fully expressed herein. Any statements, promises or inducements, whether made by any party or any agents of any party with respect to this settlement which are not contained in this Agreement shall not be valid or binding.

**REPRESENTATIONS AND WARRANTIES**

23. The undersigned individual(s) represents that he or she has the legal capacity, right, and authority to enter into this Agreement on behalf of the party for which he or she is signing; that he or she has read this Agreement and is fully aware of its contents and legal effect; that they have consulted with legal counsel of their own choosing in connection with this Agreement; and that they voluntarily execute this Agreement after such consultation.

24. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their assignees, predecessors, successors, heirs, executors, supervisors, administrators, officers, directors, employees, servants, insurers, privies, attorneys, and agents.

25. If any provision of this Agreement is found to be unenforceable, the remaining provisions hereof shall, nevertheless, be carried into effect.

26. This Agreement has been negotiated and executed in the State of Arizona and shall be construed and enforced in accordance with the laws of the State of Arizona.

27. This Agreement may be executed in counterparts, each of which will be deemed an original.

**COMPROMISE OF DISPUTED CLAIMS**

26. This Agreement is a compromise of disputed, known and unknown, past, present and future claims. This Agreement is entered into solely to avoid the cost and expense of present and future litigation concerning the matters set forth herein and is not to be construed as an admission of coverage, or of liability, error, omissions, wrongdoing, misconduct, or breach of any contractual, legal, or statutory duty on the part of any party.

**CONFIDENTIALITY**

27. The Parties agree that as a material consideration for the sums paid and the releases given herein that the terms of settlement, specifically the amount of the consideration, shall remain strictly confidential and shall not be discussed with or disclosed to any person or entity without the prior written approval of the Parties, except as such disclosure is expressly permitted by this Agreement and/or except as required by law (lawfully required by a Court or governmental agency with competent jurisdiction, legally required financial/tax reporting, and/or necessary in any legal proceeding to enforce the terms of this Agreement).

**IN WITNESS THEREOF,** the undersigned have executed this Agreement as of the date written below.

DATED this _____ day of December 2022.

_____
Trustee, On Behalf of 12 University, LLC

Title: _____

DATED this _____ day of December 2022.

_____
On Behalf of Auto-Owners Insurance Company

Title: _____